## Moses G. Cobb *vs.* Ephraim W. Farr.

A mortgage of spirituous and intoxicating liquors passes a title therein to the mortgagee, which will sustain an action against one taking them without authority; and is not invalidated by containing a provision that the proceeds of any sale of the property made by the mortgagor shall be applied to the purchase of articles of the same kind, to be held subject to the mortgage.

Action of tort against a constable for the conversion of a barrel of whiskey. Trial and verdict for the plaintiff in the superior court of Suffolk at March term 1859, before *Huntington*, J., to whose rulings the defendant alleged exceptions. The case is stated in the opinion.

*A Cottrell*, for the defendant.

*M. G. Cobb, pro se.*

Hoar, J. The plaintiff's title to certain spirituous liquors which are the subject of this action is under a mortgage duly executed and recorded, in which they are included with other articles in the shop of the mortgagor ; the mortgage containing this clause : " And I hereby agree to apply the proceeds which I may realize on sale of any of the articles above enumerated to purchasing articles of the same kind to be held subject to this mortgage." The defendant justified under a writ of attachment under which he seized the liquors as the property of the mortgagor, and denied that the mortgage gave the plaintiff any property in them.

The judge who presided at the trial ruled that a mortgage of liquor was not a sale, within the meaning of the *St.* of 1855, *c.* 215; and that the mortgage vested in the plaintiff a right to recover in this action.

It is unnecessary to determine whether the first part of this ruling was correct or not, because it was immaterial. If the mortgage was a sale, such as the statute of 1855 prohibited, we think the rights of the plaintiff would be in no degree affected. Notwithstanding that statute, spirituous liquors are still property in this Commonwealth. *Fisher* v. *McGirr*, 1 Gray, 47. An action may be maintained against a wrongdoer

who interferes with the possession or property of the owner. *Arthur* v. *Flanders*, 10 Gray, 107. *Brown* v. *Perkins*, 12 Gray, 89. A sale, even when made under such circumstances as the law forbids, yet passes the property to the purchaser. The seller commits an offence for which he is punishable, but he does not retain his property in the article sold. It has never been held, under any of the statutes regulating the sale of spirituous or intoxicating liquors in this Commonwealth, that the purchaser was guilty of any offence, or was *particeps criminis. Commonwealth* v. *Willard*, 22 Pick. 476. A mortgage is a sale, defeasible upon a condition, but it passes the title, subject to the right of redemption. As it is not criminal in the buyer to take an absolute title, we cannot see that it is criminal in him to take a defeasible title, or that he will fail to acquire all the rights of property which such a title usually gives. The record of the mortgage is made by the statute equivalent to a delivery of the mortgaged article, and the seller had therefore nothing further to do to make the contract complete. He had no *locum pœnitentiœ;* and the plaintiff was invested with the full rights of a mortgagee.

The clause in the mortgage, respecting the reinvestment of the proceeds of any of the mortgaged property which the mortgagee might sell, did not invalidate the instrument. Whether it had any effect or force whatever may well be doubted. But it neither expressly, nor by just implication, authorized the mortgagee to make any sale of the mortgaged property in violation of law. If it had contained an express authority to sell the liquors illegally, and thus had made the mortgagee a participator in the illegal act of keeping the liquors for sale, yet this would be on the assumption that his title as mortgagee had fully accrued ; and even if he thereby became liable to the penalties which the statute provides, and to have his property exposed to seizure and confiscation, yet, as was held in *Fisher* v. *McGirr*, he would not on that account be precluded from maintaining an action against a mere wrongdoer, who had taken his property without lawful justification.

*Exceptions overruled.*