WORTHINGTON MEIXELL V. S. S. KIRKPATRICK.

JUDGMENT, *Vacation of; Pleading and Practice.* When the court, on the
hearing of a motion to vacate a judgment under subdivision third of
§ 568 of the civil code, becomes satisfied that such judgment was ob-
tained irregularly within the meaning of said subdivision, and therefore
that the party making the motion is entitled to have an opportunity to
show that he has a good cause of action or defense, as the case may be,
the court should then vacate the judgment — but generally, however, upon
the condition that the moving party shall first make such showing; and
after the judgment has thus been vacated, and after the issues are all
made up by the filing of the proper pleadings as in other cases, ( pro-
vided they have not already been filed,) the case must be tried upon such
issues in the same manner as though no judgment had ever been ren-
dered in the case; and after the trial and the decision of the court, or
the report of the referee or the verdict of the jury, (as the case may be,)
the court must then vacate the judgment absolutely, or modify it in some
respects, or wholly affirm it, as such decision of the court, or report of
the referee, or verdict of the jury will warrant; and the judgment or
order rendered on this trial is final, unless set aside as other final judg-
ments are set aside.    The reason for not vacating the original judgment
absolutely in the first instance is, for the purpose that all rights, priori-
ties and liens obtained by virtue of the original judgment may be pre-
served until it is ascertained whether the party in favor of whom the
judgment was originally rendered is, in fact and upon the merits, enti-
tled to such a judgment or to a similar judgment; and if he is, then all
rights, priorities and liens obtained by virtue of the original judgment
are preserved to him, so far as his final judgment will sustain and up-
hold the same.    All pleadings filed in cases of this kind are subject to
all the objections that may be urged against like pleadings in other cases.

### *Error from Wilson District Court.*

REPLEVIN, brought by *Kirkpatrick* against *Meixell,* to re-
cover eight municipal bonds — six thereof being each for
$1,200, issued in 1873, by Cedar Rapids township, in Wilson
county, and payable to the Memphis & Northwestern railroad
company, or bearer, in thirty years from the date thereof, and
bearing interest at the rate of seven per cent. per annum, pay-
able semi-annually, coupons for such interest being thereunto
attached; one bond thereof for $1,000, issued in April, 1873,
by Center township, in said county, and payable to the afore-

said railroad company, or bearer, in thirty years from the date thereof, and having thereunto attached interest coupons at the rate and of the sort aforesaid ; one bond thereof for $1,300, issued in April, 1873, by the city of Fredonia, in said county, due and payable as aforesaid, with interest at the rate of ten per cent. per annum, payable semi-annually, coupons for such interest being thereto attached.

At the February Term, 1878, of the district court, a judgment purporting to be rendered on a default was given for the plaintiff for the recovery of the bonds, or their value, $9,475, and costs. On the application of the defendant, this judgment was set aside. Certain other pleadings were filed, and a trial of the action was had at the May Term, 1879, when the plaintiff had judgment for $9,275 and costs. The defendant brings the case here. Other facts are stated in the opinion.

*A. H. Ayres,* for plaintiff in error.

*S. S. Kirkpatrick,* and *Hutchings & Denison,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The motion made by the defendant in error to dismiss the plaintiff's petition in error, is overruled. The petition in error is based upon a case made for the supreme court, which was properly made and served upon the adverse party within the time given by the court below; but after the case was made and served, then came great delays in settling, signing and authenticating the same. But these delays were not caused by any fault of the plaintiff in error. He pushed the matter with commendable zeal; and if the counsel for the defendant in error had been half as willing to have the case properly settled, signed and authenticated as was counsel for the plaintiff in error, there would have been but little trouble. The delays however in settling, signing and authenticating the case did not invalidate the same. There is no law limiting the time for settling, signing or authenticating such a case. We think the case is sufficient notwith-

standing such delays, and notwithstanding any other objections urged against it.

This action, as between the plaintiff in error, who was defendant below, and the defendant in error, who was plaintiff below, was an action of replevin, or at least an action in the nature of replevin, for the recovery of eight municipal bonds. A judgment was rendered in the case in favor of the plaintiff below and against the defendant below. The judgment purported to be rendered on a default, and was in the alternative that the plaintiff should recover said bonds, or in case the bonds could not be obtained, then that the plaintiff should recover of and from the defendant the sum of $9,475, (as the value of the bonds,) and costs. Afterward the defendant moved the court to set aside and vacate this judgment on the grounds, first, of a want of jurisdiction in the court to render the judgment, and second, for irregularity in obtaining the same. The court below heard the motion, and upon the evidence submitted ordered that the judgment should be set aside and vacated, upon the condition, however, that the defendant had a valid defense to the plaintiff's action. The court also ordered that the defendant should file an answer setting forth his defense, and that the plaintiff have leave to reply thereto. In pursuance of this order the defendant filed an answer setting forth, first, a general denial to the plaintiff's petition; second, his own claim of ownership of the bonds, giving the details of how he became the owner thereof; and third, other matters not necessary now to mention. The plaintiff demurred to this answer, and the court sustained the demurrer as to the third defense. The defendant then amended his third defense, and the plaintiff then replied to the defendant's answer. Upon these pleadings the case was regularly called for trial. The plaintiff demanded a jury, which was granted by the court over the objections of the defendant. After the jury were impanneled, the parties proceeded to introduce their evidence. The court held, over the objections of the defendant, that the defendant had the burden of proof, and held that the defendant should first intro-

duce his evidence. The defendant, excepting to this ruling, obeyed the court, however, and first introduced his evidence. The plaintiff then introduced his evidence in rebuttal, and the defendant then introduced surrebutting evidence. The court then charged the jury, and after due deliberation they found for the plaintiff and against the defendant, and also found that the value of the bonds was $9,275. This was $200 less than said judgment was rendered for. The court then overruled the defendant's motion to set aside and vacate said judgment, and rendered judgment against the defendant for the costs of the motion. The defendant then proceeded to make and serve a case for the supreme court, and after great trouble and many delays he finally succeeded in having the case settled, signed and authenticated, and then brought the case to this court for review on such case-made and on petition in error.

Many questions have been discussed by counsel in this court, but only a few of them, however, will require any discussion by us. The provisions of the statute under which the proceedings in this case were had to vacate said judgment, read as follows:

"SEC. 568. The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made: . . . *Third,* For mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order.

"SEC. 569. The proceedings to correct mistakes or omissions of the clerk, or irregularity in obtaining a judgment or order, shall be by motion, upon reasonable notice to the adverse party or his attorney in the action."

"SEC. 571. The court may first try and decide upon the grounds to vacate or modify a judgment or order before trying or deciding upon the validity of the defense or cause of action.

"SEC. 572. A judgment shall not be vacated on motion or petition, until it is adjudged that there is a valid defense to the action on which the judgment is rendered; or, if the plaintiff seeks its vacation, that there is a valid cause of action; and where a judgment is modified, all liens and securities obtained under it shall be preserved to the modified judgment."

The provisions of the statutes of Ohio for reversing, vacating and modifying judgments and orders in the courts in which they were rendered, are precisely the same as the provisions for the same purpose are in this state. Sections 534, 535, 536, 537 and 538 of the Ohio code correspond exactly to sections 568, 569, 570, 571 and 572 of our code. And in Ohio said provisions have been construed by the supreme court of that state. (*Frazier v. Williams*, 24 Ohio St. 625; *Watson v. Paine*, 25 Ohio St. 340.)

According to the decisions made in Ohio, we should think that the correct practice in cases of this kind would be as follows: When the court, on the hearing of a motion to vacate a judgment under subdivision third of § 568 of the civil code, becomes satisfied that such judgment was obtained irregularly within the meaning of said subdivision, and therefore that the party making the motion is entitled to have an opportunity to show that he has a good cause of action or defense, as the case may be, the court should then vacate the judgment; but generally, however, upon the condition that the moving party shall first make such showing. And after the judgment has thus been vacated, and after the issues are all made up by filing the proper pleadings, as in other cases, (provided they have not already been filed,) the case must be tried upon such issues in the same manner as though no judgment had ever been rendered in the case; and after the trial and the decision of the court, or the report of the referee, or the verdict of the jury, (as the case may be,) the court must then vacate the judgment absolutely, or modify it in some respects, or wholly affirm it, as such decision of the court, or report of the referee, or verdict of the jury will warrant; and the judgment or order rendered on this trial is final, unless set aside as other final judgments are set aside. The reason for not vacating the original judgment absolutely in the first instance is, for the purpose that all rights, priorities and liens obtained by virtue of the original judgment may be preserved until it is ascertained whether the party in favor of whom the original judgment was rendered is, in fact and upon the merits,

2 — 25 KAS.

entitled to such a judgment, or to a similar judgment, and if he is, then all rights, priorities and liens obtained by virtue of the original judgment are preserved to him, so far as his final judgment will sustain and uphold the same. Of course all pleadings filed in cases of this kind are subject to all the objections that may be urged against like pleadings in other cases.

Where a judgment is conditionally set aside in favor of a defendant, his answer must of course state a defense, or he cannot ask to go to trial upon it. If the answer does not state a defense, a demurrer may be interposed the same as in other cases. The defendant, however, in the present case (which was an action of replevin) had a right to prove his entire defense, so far as it was good, under his general denial. His defense really was, that the plaintiff never owned said bonds, and that he never had the right to the possession thereof. We think the court below erred in holding that upon the defendant rested the burden of proof. It was certainly very embarrassing and perplexing to the defendant to have to prove that the plaintiff did not own the bonds in controversy; that he did not purchase them; and that he did not, by any transaction, obtain any right to the immediate possession of them. And unless the plaintiff did in fact purchase and own them, he had no right to recover any judgment against the defendant. Each party claims that he himself purchased the bonds, and that the other party did not purchase them. And each party claims that his own purchase of the bonds was prior to that of the other, provided that the other did in fact purchase them. These questions are all doubtful and difficult, and ought to be submitted fairly to a jury. Even if the defendant is wrong in all of his claims, still he is entitled to have his case tried fairly. But he believes that he is right. We do not wish to express any opinion as to which of the parties owns the bonds. That is properly a question for the jury when the case is fairly submitted to them.

The judgment of the court below will be reversed, and a new trial ordered.

All the Justices concurring.