WORTHINGTON MEIXELL v. S. S. KIRKPATRICK.

JUDGMENT, *Not to be Declared Void, When.* Where a district court has juris-
diction of the subject-matter of an action and of the parties litigant therein,
and does not transcend its jurisdiction in rendering judgment therein, its
judgment is not void, however irregular or erroneous some of its pro-
ceedings may be; and no district court of any other county can, for any
supposed irregularities or erroneous rulings or inequitable conclusions,
declare such judgment to be void, or perpetually enjoin the same.

*Error from Labette District Court.*

AT the February Term, 1882, of the district court, defend-
ant *Kirkpatrick* had judgment against plaintiff *Meixell,* who
brings the case here. The facts are sufficiently stated in the
opinion.

*A. H. Ayres,* for plaintiff in error.

*Hutchings & Denison,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The controversy between the present par-
ties has already furnished this court with two cases, (*Meixell
v. Kirkpatrick,* 25 Kas. 13, and *Meixell v. Kirkpatrick,* id. 19,)
and this is the third case.

The present action was commenced by Worthington Meix-
ell against S. S. Kirkpatrick in the district court of Labette
county, to obtain a decree declaring void and perpetually en-
joining a judgment rendered by the district court of Wilson
county. The plaintiff set forth in his petition various grounds
upon which he claimed that said judgment should be declared
void and perpetually enjoined; but for the purposes of the
decision in this case we do not think that it is necessary to
specifically mention any of them. The defendant demurred
to the petition upon the ground that it did not state facts
sufficient to constitute a cause of action, and the court be-
low sustained the demurrer; and to this ruling the plaintiff
excepted, and now brings the case to this court for review.

We think the decision of the court below was unquestionably correct. The petition of the plaintiff below, with its exhibits, which were made parts thereof, showed beyond all question that the district court of Wilson county had jurisdiction of the subject-matter of the action, and also jurisdiction of the parties, and that it did not exceed or transcend its jurisdiction in rendering the judgment of which the plaintiff in this action complains, and which he sought to have declared void and perpetually enjoined in the district court of Labette county; and this we think is conclusive. It can make no difference that the district court of Wilson county may have erred in some of its rulings, or that some of its proceedings may have been irregular. They could not be corrected by the district court of Labette county; nor could the district court of Labette county declare the judgment void or perpetually enjoin the same because of any such supposed erroneous rulings, or because of any such supposed irregularities in the proceedings. The only way to correct the errors of the district court of Wilson county was to apply to that court itself, or to apply to the supreme court of the state by petition in error.

Where a district court has jurisdiction of the subject-matter of the action, and of the parties litigant therein, and does not transcend its jurisdiction in rendering judgment therein, its judgment is not void, however irregular or erroneous some of its proceedings may be; and no district court of any other county can, for any supposed irregularities, or erroneous rulings, or inequitable conclusions, declare such judgment to be void, or perpetually enjoin the same.

The case of *Chambers v. The Bridge Manufactory*, 16 Kas. 270, has been referred to by the plaintiff as authority for this action; but we do not think that it is any authority for the action at all. In that case it was not attempted to enjoin the judgment itself, and the judgment was not merely irregular or voidable, but it was *absolutely void*. The judgment was rendered in the district court of Leavenworth county without any service of summons upon the defendant;

and then an attempt was made to enforce the judgment in Shawnee county; and it was the attempted enforcement of the judgment in Shawnee county that was sought to be enjoined and was enjoined. In that case the judgment rendered in Leavenworth county was considered as absolutely void — the same as no judgment at all. The judgment really had no force or validity anywhere. In the present case, the judgment rendered in Wilson county is not void, as the judgment rendered in Leavenworth county was. It is certainly valid, however many grounds there may be for its reversal; and it cannot be treated as a nullity, as the judgment of the district court of Leavenworth county was.

A void judgment may be treated as void everywhere, and collaterally as well as directly, while a judgment that is merely irregular, or erroneous, or voidable, cannot be so treated. The Leavenworth county judgment was of the former kind of judgment, while the Wilson county judgment, at most, cannot be treated as more than the latter kind of judgment.

Perceiving no error in the ruling of the court below, its judgment sustaining the demurrer will be affirmed.

All the Justices concurring.