B. KORMAN V. J. HENRY, *et al.*

INTOXICATING LIQUORS; *Void Mortgage.* A mortgage of intoxicating
liquors, executed for no other purpose than to secure a promissory note,
is void, for the reason that it contravenes the provisions of chapter 128
of the Laws of 1881, commonly known as "the prohibitory liquor law."

*Error from Leavenworth District Court.*

ACTION brought by *Korman* against *Henry* and another,
to recover the possession of certain intoxicating liquors, and
the furniture of a drinking-saloon. Judgment for defend-
ants at the September Term, 1883, of the district court.
Plaintiff brings the case here. The facts appear in the
opinion.

*Wm. Dill,* for plaintiff in error.

*E. Stillings,* for defendants in error.

The opinion of the court was delivered by

VALENTINE J.: This was an action of replevin, brought
by B. Korman against J. Henry, a constable, and James J.
Moonan, his deputy, to recover the possession of certain arti-
cles of personal property held by the defendants, as officers,
under a writ of attachment against Esther Lyons and others.
These articles are intoxicating liquors, and the furniture of a
drinking-saloon. The plaintiff's claim to the property is
founded solely upon a chattel mortgage executed to himself
by said Esther Lyons and S. Lyons. The mortgage was exe-
cuted to secure the payment of a certain promissory note for
$250.36, and was executed and filed in the office of the register
of deeds four days before the attachment was served. The
court below rendered judgment in favor of the defendants and
against the plaintiff for the recovery of the property and for
costs, and the plaintiff, as plaintiff in error, now seeks to have
such judgment reversed.

Upon the foregoing facts, we think the only question to be
determined by this court is, whether the plaintiff's chattel

mortgage is valid, or not.   If it is valid, we think he is entitled
to recover; but if it is not valid, then we think the defendants
are entitled to recover.   The court below held that it is not
valid.   It must be remembered that the plaintiff claims solely
under the chattel mortgage.   He never had the possession of
the mortgaged property, or of any part thereof, and the mort-
gaged property includes all the property in controversy.   Hence
the plaintiff's claim to the property is founded solely upon the
mortgage, without possession, and not upon any possession or
prior possession.   The defendants' claim that the chattel mort-
gage is void, is founded solely upon the ground that it was
executed in violation of the provisions of chapter 128 of the
Laws of 1881, commonly known as "the prohibitory liquor
law."   That act prohibits the sale and barter, directly and in-
directly, of all kinds of intoxicating liquors, except for medical,
scientific and mechanical purposes, and makes it a criminal
offense for any person to sell or barter, directly or indirectly,
any kind of intoxicating liquor, except for some one of such
purposes.   And while a chattel mortgage is, of course, a se-
curity for a debt, it is also a conditional *sale* of the mortgaged
property, and operates, when valid, *to transfer the legal title* to
the property to the mortgagee, to be defeated only by a full
performance on the part of the mortgagor of all the conditions.
(Jones on Chattel Mortgages, §1; Comp. Laws of 1879, ch.
68, art. 2.)   In this respect, chattel mortgages differ from real-
estate mortgages.   Also, upon condition broken of a valid chat-
tel mortgage, the mortgagee may sell the property.   (Comp.
Laws of 1879, ch. 68, art. 2, §17.)   And how could the mort-
gagee in the present case, and under our prohibition statutes,
sell the mortgaged property?   And if the mortgaged property
is of such a character that the mortgagee cannot legally sell
the same, then of course the mortgage is void.   But going
further back in the present case, the mortgage was not executed
for a legal purpose.   The chattels in the present case, includ-
ing the intoxicating liquors, were not mortgaged for medical,
scientific or mechanical purposes, but were mortgaged by a
single and indivisible mortgage for the sole purpose of securing

the payment in money of a single and indivisible promissory note. We suppose the promissory note was valid, but the law does not authorize the disposal of intoxicating liquors merely as security for the payment of promissory notes, or for any other consideration unless the liquors are so disposed of for the sole purpose of being used for medical, scientific or mechanical purposes, and then the disposal of the same must be in a particular manner and by a particular person who has a permit therefor from the probate judge. Now none of these things are claimed. Hence we think the mortgage in the present case is void; and as the plaintiff has no other foundation upon which to base his right to recover, we think the judgment of the court below is correct.

If the plaintiff, at any time before the writ of attachment was levied upon the property, had taken possession of the same under his mortgage, a different question would have been raised in this case. Under such circumstances, the plaintiff would hold the property, not only by virtue of his chattel mortgage, but also by virtue of his possession; and if his chattel mortgage should be held to be void, he might still claim the property as against any mere wrong-doer, by virtue of his possession. His possession would undoubtedly give him such a right to the property that he could maintain replevin against any mere wrong-doer who might disturb his possession. Possibly he might also maintain replevin against the mortgagor, if the mortgagor should disturb his possession; and it is possible also that he might maintain replevin against even a constable or sheriff, if such constable or sheriff should levy an execution or attachment on the property after the mortgagee had taken the possession of the same under his chattel mortgage. But with reference to this last question we shall not express any opinion.

In the present case, in order to sustain the plaintiff's action, it is necessary to uphold and enforce a mortgage which transfers upon condition the title to intoxicating liquors, and to uphold and enforce such mortgage while its provisions are still to some extent executory and are not yet completed or

fulfilled. This, we think, cannot be done. Courts sometimes ignore illegal contracts, and leave parties to possess and enjoy what they have already obtained under them. But courts never enforce illegal executory contracts by giving to a party something which he claims under the contract, and which he has no right to claim except by virtue of the enforcement of the provisions of the contract. If the plaintiff had obtained the possession of the property in controversy by virtue of the provisions of his chattel mortgage, it is possible that the courts would allow him to retain the possession thereof, even as against the mortgagor's creditors; but as he never obtained such possession, the courts will not assist him in the enforcement of his illegal contract by giving him the possession of the property which he illegally contracted for.

The decision in this case is made upon first impressions. Of course many decisions have been made involving analogous principles, but we know of no case precisely like the present. For decisions involving analogous principles, we refer to 1 Wharton on Contracts, §§ 340, 341, 342, 348, 350, 351, 356, and cases there cited.

The plaintiff cites the case of *Cobb v. Far*, 82 Mass. (16 Gray) 597. Whether this case is applicable or not, we can scarcely tell. Probably it is not; but if it is, then we do not agree with the doctrine enunciated therein.

The judgment of the court below will be affirmed.

HORTON, C. J., concurring.

HURD, J., not sitting.