AUGUSTA GERLACH, *et al.*, v. CHARLES SKINNER.

1. CONSIDERATION, *Illegal in Part; Contract, Void.* Where a part only of the consideration of an entire contract is illegal and the contract is not in its nature divisible or separable, the contract is tainted, and will be treated as wholly void.

2. INTOXICATING LIQUORS; *Void Contract.* Where S. alleged that in 1883 he purchased, in Osage City, Osage county, in this state, from G., a lot and the building thereon, and a large quantity of intoxicating liquors and the fixtures of a bar contained in the building, for the gross sum of $4,000, and no separate price was fixed or agreed upon for the lot, or intoxicating liquors, or the fixtures, and it appeared that neither of the parties had any permit to sell intoxicating liquors, and that S. did not purchase the liquors for medical, scientific or mechanical purposes, *held,* that the contract for the purchase of the lot, building, intoxicating liquors, etc., is void, as in contravention of ch. 128, Laws of 1881, commonly known as "the prohibitory liquor law," and therefore the contract cannot be used as the basis of an action for specific performance.

*Error from Osage District Court.*

CHARLES SKINNER brought his action against *Augusta Gerlach* and *Philip Gerlach,* alleging that Philip Gerlach, as the agent of Augusta Gerlach, agreed to sell him a house and lot in Osage City, Osage county, in this state, and also a certain stock of goods, wares and merchandise in the house, for the sum of $4,000; that through the fraud of Augusta and Philip Gerlach only a part of the real estate had been conveyed by deed to him; and that Augusta and Philip Gerlach refused to convey the balance of the real estate, and refused to deliver any part or portion of the goods, wares and merchandise so purchased; that the plaintiff agreed to pay and did pay for the real estate, goods, wares and merchandise the sum of $4,000. In his prayer to his petition, the plaintiff asked that the deed be reformed; that the defendants be required to convey to him all of the real estate purchased by him; and that he have judgment for $1,500 for the value of of the goods, wares and merchandise which the defendants refused to deliver. To the petition the defendants filed an

answer containing a general denial. Trial at the October Term, 1883, before the court, a jury being waived. Upon the trial Charles Skinner testified in substance as follows:

"That he was plaintiff in the action; that he knew the defendants; that the contract between him and Philip Gerlach, on January 12, 1883, was that he agreed to buy the whole building, just as it stood, together with the lot; that there was a safe inside; that he did not want to touch that; that he was to give $4,000 for the lot as it was, that is, for the whole building and the contents, excepting the safe and the defendants' wearing apparel; that he paid $20 to bind the bargain, and paid the balance of the $4,000 the next day; that he knew that the defendants were running, in the building which he bought, a saloon, where liquors were sold in violation of law, and without any permit; that he knew there was a stock of liquors including the bar fixtures, and that he was to have not only the lot and building, but also the stock of intoxicating liquors and whatever else was there, excepting the safe and wearing apparel, for the sum of $4,000; that no separate price was set upon the building or the stock of goods, but all were purchased for the gross sum of $4,000; that it was an entire sale of the real and personal property, including the stock of liquors and saloon fixtures; that the defendants conveyed to him by deed a portion of the lot and building, but the deed did not include as much of the building as he purchased."

After the plaintiff had introduced all his evidence, the defendants demurred thereto upon the ground that the same was not sufficient in law to sustain an action against them, or either of them. The demurrer was overruled. At the conclusion of all the evidence and upon the argument for a new trial, the defendants urged that the plaintiff could not recover, as the contract testified to by the plaintiff was for the purchase of real estate, bar fixtures and also intoxicating liquors, for which neither party had a permit, and therefore that the contract was vicious, illegal and immoral, and under the constitution and laws of the state was void; that the court, under the facts testified to by plaintiff, could give neither of the parties any relief whatever, but must leave them just as it found them. After all the evidence had been introduced and the

arguments made, the plaintiff asked leave to amend his petition by striking therefrom all the allegations in reference to the purchase or sale of any personal property. The court took the motion and cause under advisement. At an adjourned term of court held on February 12, 1884, the plaintiff was permitted to amend his petition, and the court rendered judgment, reforming the deed, giving the plaintiff the real estate he claimed, and awarding costs against the defendants. They complain of the rulings and judgment, and bring the case here.

*Waters & Chase,* for plaintiffs in error.
*Ellis Lewis,* and *Wm. Thomson,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: Defendant in error—plaintiff below—has presented his motion to this court to dismiss the petition in error, upon the alleged ground that the case-made was not settled and signed within the time required by law; but he has filed no brief and presented no argument upon the merits of the case. It appears from the record that the judgment was rendered on February 12, 1884. Plaintiffs in error—defendants below—were granted to April 12, 1884, in which to make and serve the case. This time was twice extended, and was finally fixed for July 10, 1884. The case was made and served on June 30, 1884, and settled and signed on November 29, 1884, the plaintiff below not being present, either in person or by attorney. Upon the settling of the case, an affidavit was submitted to the district judge, showing the time of the service of the case-made, and setting forth that the attorney for plaintiff below stated that the case-made was true, and that he had no amendments to suggest.

The case was made and served within the time allowed, and the judge had all reasonable time within a year after the rendition of the judgment to settle and sign the case-made. While the statute provides for fixing the time in which the case-made must be served, and in which the amendments must be suggested, the time for settling and signing the same is not

prescribed in the statute. Therefore the objection that the case-made was not settled and signed within the time required by law, is not well founded. The motion to dismiss must be overruled. (*Meixell v. Kirkpatrick*, 25 Kas. 13; *Hammerslough v. Hackett*, 30 id. 57; *Pierce v. Myers*, 28 id. 364; *Douglass v. Parker*, 32 id. 593.)

The demurrer to the evidence of plaintiff below should have been sustained, and the judgment rendered is erroneous. Chapter 128, Laws of 1881, commonly known as "the prohibitory liquor law," prohibits the sale and barter, directly or indirectly, of all kinds of intoxicating liquors, except for medical, scientific and mechanical purposes, and makes it a criminal offense for any person to sell or barter, directly or indirectly, any kind of intoxicating liquor, except for some one of such purposes. The plaintiff below claims that he bought, by a single and indivisible contract, a lot and the building thereon, with a stock of intoxicating liquors, including bar fixtures, etc., contained in the building upon the lot, of the value of $1,500. Neither of the parties had any permit to engage in the sale of intoxicating liquors, nor were any of the liquors purchased for medical, scientific or mechanical purposes. The contract testified to was an entire one; it is not in its nature divisible or separable into distinct parts; therefore the whole contract is void and cannot be enforced; it cannot be used as the basis of an action. Where a part of a consideration of an entire contract is illegal, the contract is tainted and the courts will not compel its performance. "You shall not stipulate for iniquity; all writers upon our law agree in this: no polluted hand shall touch the pure fountains of justice." (*Collins v. Blanton*, 2 Wils. 341.) The policy of the law is to leave the parties in all such cases without remedy against each other; the courts will not lend their aid to a party who founds his cause of action upon an immoral or illegal act. If, from a plaintiff's own statement, or otherwise, the cause of action appears to arise *ex turpi causa*, or the transgression of a positive law of the state, there the court says he has no right to

be assisted. (Wharton on Contracts, § 340; *Korman v. Henry*, 32 Kas. 49, 343.)

The amendment allowed to the pleadings in no way affected the contract of the parties, or cured its illegality.. The contract not being in its nature divisible or separable into distinct parts, plaintiff below had no right to ignore his purchase of the intoxicating liquors and recover the real estate. He could not thus cover up the illegality of the transaction or agreement in which he participated, nor could he in this manner have the court aid him in separating or purging the illegal from the legal consideration. A part of the consideration of the contract betwen the parties to the action being illegal, and there being no means of separating the legal from the illegal part of the consideration, the enforcement of the contract, or any part thereof, cannot be had in the courts. (*McBratney v. Chandler*, 22 Kas. 692.)

The judgment of the district court will be reversed, and the cause remanded.

All the Justices concurring.