B. S. FLERSHEIM et al. v. A. R. CARY.

INTOXICATING LIQUOR— Chattel Mortgage, Void— No Estoppel. Where a chattel mortgage is given to F. & Co. on certain personal property, including intoxicating liquors, and afterward the mortgagor sells all of said mortgaged property except the intoxicating liquors to C., and C., as a part consideration therefor, agrees to pay the mortgage debt to F. & Co., held, that such mortgage is void, and C. is not estopped from denying its validity by reason of his agreement to pay the mortgage debt.

*Error from Linn District Court.*

REPLEVIN, by *B. S. Flersheim & Co.* against *A. R. Cary.* Trial by jury, at the September term, 1886, and verdict and judgment for the defendant for costs. Plaintiffs bring the case here. The opinion states the facts.

*Ware, Biddle & Cory,* for plaintiffs in error.
*James D. Snoddy,* for defendant in error.

Opinion by CLOGSTON, C.: Plaintiffs brought this action to recover certain billiard and pool tables and fixtures, claim- ing the right of possession by virtue of a chattel mortgage executed by one I. Croxton to the plaintiffs. Plaintiffs allege that defendant purchased said property from Croxton with a full knowledge of said mortgage, and subject thereto, and as a part payment thereof agreed to pay plaintiffs the amount then due on the mortgage debt, being $450 and interest. A copy of the chattel mortgage was attached to the plaintiffs' petition, which showed that said mortgage also included other property, not sold by Croxton to the defendant, and among which were three barrels partly filled with whisky. The de- fendant admitted the purchase of the property alleged in plain- tiffs' petition and mortgage, except the three barrels of whisky and the chandeliers, but denied that he purchased the same subject to the mortgage, or that he agreed to pay the mortgage debt to the plaintiffs. The plaintiffs, in support of their peti- tion, offered the chattel mortgage in evidence, and also offered to show that the defendant purchased the property in contro- versy subject to the mortgage, and agreed to pay the mortgage debt to the plaintiffs; all of which was objected to by the de- fendant, for the reason that it was incompetent, immaterial, and void; which objection was sustained by the court. Where- upon the court instructed the jury to return a verdict for the defendant for costs. This ruling and order are alleged as er- ror.

This presents the question: Is the mortgage void, because of the fact that it included, among other property, intoxicating

liquors? This question is no longer an open one in this state. This court, in *Korman v. Henry*, 32 Kas. 49, and *Gerlach v. Skinner*, 34 id. 86, held, that where a chattel mortgage was given on property and included intoxicating liquors, it was void; and that it was not only void as to the liquor, but as to all the property contained in said mortgage. But plaintiffs insist that if the mortgage for that reason is void, the defendant, by reason of his agreement to pay the mortgage debt as a part consideration in its purchase, is estopped from denying its validity. If this was an action on the promise of the defendant to pay the mortgage debt to the plaintiffs, and judgment was sought against him for the amount due, and which the defendant agreed to pay, the action would be maintainable; but where the provisions of the mortgage are sought to be enforced and the mortgaged property recovered, the validity of the mortgage is then brought in question. The action is then one upon the mortgage, and not upon the promise of the purchaser of the mortgaged property to pay the mortgage debt. The mortgage being void, no action can be maintained to enforce it.

The contract between Croxton and the defendant was lawful and valid; but that being so would not give the mortgage life and validity. True, if the contract by which defendant purchased the property in controversy had been such as of itself, independent of the mortgage, was sufficient to constitute a parol equitable mortgage, then such equitable mortgage might have been enforced; but the allegations in plaintiffs' petition were not sufficient to warrant such conclusions. It is therefore held, that the mortgage, by which plaintiffs claimed the right of possession of the property, is, by reason of its containing property which by law could not be sold or mortgaged in that manner, void; that the court correctly excluded the same, and that the contract between Croxton and defendant in this form of action was not material.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.