THE MISSOURI PACIFIC RAILWAY COMPANY v. J. A. YAWGER.

APPELLATE JURISDICTION — *Retaxing Costs.* Chapter 245 of the Laws of 1889 deprives this court of jurisdiction to review an order made by a district court on a motion to retax costs, where no other matter is brought here for review.

*Error from Rush District Court.*

ACTION by the *Railway Company* against *Yawger.* The plaintiff company brings here for review a judgment on a motion to retax costs.

*J. E. Andrews,* and *Waggener, Martin & Orr,* for plaintiff in error.

*Diffenbacher & Banta,* for defendant in error.

The opinion of the court was delivered by

ALLEN, J.: This is a petition in error, by which it is sought to review the action of the district court of Rush county on

a motion to retax costs. Though the point is not made by the defendant in error, a question of jurisdiction appears on the face of the record which we are not at liberty to ignore. There is nothing involved in this controversy but costs. Section 1, chapter 245, of the Laws of 1889, provides:

"No appeal or proceeding in error shall be had or taken to the supreme court in any civil action unless the amount or value in controversy, exclusive of costs, shall exceed one hundred dollars ($100), except in cases involving the tax or revenue laws, or the title to real estate, or an action for damages in which slander, libel, malicious prosecution or false imprisonment is declared upon, or the constitution of this state, or the constitution, laws or treaties of the United States, and when the judge of the district or superior court, trying the case involving less than one hundred dollars ($100), shall certify to the supreme court that the case is one belonging to the excepted classes."

This case does not fall within any exception. It was held by this court, in the case of *Martin v. Shrubshall*, decided in April, 1893, on a motion to dismiss, that this court had no jurisdiction in a case like that now before us, even though the amount of costs involved exceeds $100. No opinion was written in that case. The language of the statute seems to be clear, and the amount of costs is unimportant. We perceive no sound reason for holding that a petition in error may be entertained to review an order of the court made on a motion to retax costs, when the statute expressly takes away jurisdiction to review the merits of a case involving less than $100, no matter how much the costs may be. The petition in error will therefore be dismissed.

HORTON, C. J., concurring.

JOHNSTON, J., dissenting: Where the costs are merely incidental to the action in the trial court, they cannot, of course, be considered as a part "of the amount or value in controversy" for the purpose of giving jurisdiction in this court. But where the costs, as here, form the subject-matter of the controversy in the court below, I think a different rule ap-

plies.    In my opinion, a distinct or independent proceeding
to enjoin the collection of costs or to set aside or to retax costs,
which in amount exceed $100, is reviewable.    It is immate-
rial whether debt, damages, costs or other thing of value con-
stitutes the subject-matter of the controversy; but, whatever
it may be, it must of itself amount to more then $100, exclu-
sive of the costs incident to that proceeding, to be reviewable
under the statute.    It seems to me that the costs referred to in
the statute are only those which are incidental to the contro-
versy brought up for review, and that as the amount involved
here exceeds $100, the court has jurisdiction to review the
merits of the proceeding.