GEORGE A. GRIGGS, *Appellee,* v. JOHN F. HANSON, *Appellant.*

No. 17,371.

SYLLABUS BY THE COURT.

APPEAL—*Jurisdiction*—*Due Course and Process of Law*—*Irregularities in Procedure.* The action in the district court was one brought there by the defendant's appeal from the judgment of a justice of the peace before whom the defendant appeared and contested other than jurisdictional matters. The case was one for the recovery of money due on account for goods sold and delivered, involved a sum less than $100 and did not involve the state constitution or the constitution of the United States. The district court having rendered judgment against the defendant by default he appealed to this court and, among others, assigns as error that he has been denied due course of law and has been deprived of property without due process of law. *Held:*

(1) This court has no jurisdiction to consider any but the constitutional questions.

(2) The civil code provides a procedure which satisfies all the requirements of due course and process of law in actions of this kind, and errors and irregularities committed in the administration of such procedure by a district court having jurisdiction of the parties and of the subject matter do not constitute a denial of due course or process of law.

(3) An irregularity is the failure to observe that particular course of proceeding which, conformable with the practice of the court, ought to have been observed in the case.

(4) The defendant challenges the proceedings on the following grounds: *a.* The judgment was rendered without notice to him of the time of the hearing, while he was in custody under a com-

mitment for contempt of the probate court and notwithstanding he had requested that such notice be given him; *b*. The judgment was rendered notwithstanding his motion attacking the verification of the plaintiff's bill of particulars was pending and was not passed on; *c*. The plaintiff's bill of particulars was not properly verified and the judgment was taken without proof; *d*. A motion to vacate the judgment for the reasons stated was overruled.

Assuming this entire charge to be true, the course pursued was irregular and erroneous only and the defendant was not denied due course or process of law within the meaning of the state and federal constitutions.

Appeal from McPherson district court. Opinion filed March 9, 1912. Affirmed.

*John F. Hanson*, for the appellant.
*Frank O. Johnson*, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The plaintiff sued the defendant before a justice of the peace to recover the sum of $76.54 due on account for goods sold and delivered. No complaint is made of the service. The account was verified before a notary public, who afterward appeared at the hearing as attorney for the plaintiff. The defendant appeared and filed a motion to strike out the verification because made before the plaintiff's attorney. The record is barren of any proof that the notary was the plaintiff's attorney when the account was verified. The motion was overruled, and no defense being offered judgment was rendered for the plaintiff. The defendant took an appeal to the district court on June 16, 1910. On December 14, and at the December, 1910, term of the district court, the cause came on to be heard. The defendant was not present because he was held in custody under a commitment for contempt of the probate court, and judgment was again taken against him by default. Later in the term he filed

a motion to vacate the judgment on the following grounds:

"That said defendant was not in default having requested the court to inform him when any matter in which he was interested came up for hearing and in this instance knew nothing about the matter until this 23rd day of December, 1909; that there was pending in this action a motion to strike out the verification because verified before plaintiff's attorney and said motion was not passed upon; that by virtue of these facts and particularly granting judgment on such verification the said court had no jurisdiction or power to render the judgment in question."

The motion was overruled and the defendant appeals.

The action being one for the recovery of money in a sum less than $100, this court has no jurisdiction of the appeal unless the case be one which involves the state constitution or the constitution of the United States. (Civ. Code, § 566.) So the defendant assigns as error that he has been denied remedy by due course of law (Bill of Rights, § 18) and has been deprived of property without due process of law (U. S. Const., Amdt. XIV). The case in the district court involved no constitutional question whatever, and the defendant can not, by merely assigning errors in this court raising such questions, bring within its jurisdiction subjects which it has no power to review because the amount in controversy is too small. If he were permitted to do so the statute limiting the appellate jurisdiction of the court could be nullified by a mere subterfuge. Consequently only the constitutional questions are open for consideration. (See *Mo. Pac. Rly. Co. v. Kimball,* 48 Kan. 384, 29 Pac. 604; *Coghlan v. Williams,* 69 Kan. 144, 76 Pac. 394.)

Due course of law under the state constitution and due process of law under the federal constitution mean the same thing, and no complaint is made that the state has not, by the code of civil procedure, provided a due and proper course and process of law for the defend-

Griggs v. Hanson.

ant's protection. The violation of the defendant's constitutional rights, if any occurred, consists in the fact that the court failed to administer the law correctly.

In the case of *Arrowsmith v. Harmoning*, 118 U. S. 194, the state courts of Ohio had sustained a guardian's sale of real estate, irregular because the guardian had not given a bond required by statute. In a proceeding in error in the supreme court of the United States the claim was made that property had been taken without due process of law. A motion to dismiss the proceeding was united with a motion to affirm the judgment of the state court. It was held that technical jurisdiction existed, so that the motion to dismiss could not be allowed, but that the cause was not worthy of being held for argument and the motion to affirm was sustained. The opinion reads:

"It is not denied that the probate court had full and complete jurisdiction of the proceeding to sell the land. The statute under which the court acted, would, if followed, have furnished Arrowsmith all the protection which had been guaranteed to him by the constitution of the United States. The bond in question was matter of procedure only, and if it ought to have been required the court erred in ordering the sale without having first caused it to be filed and approved. At most, this was an error of judgment in the court. The constitutional provision is, 'nor shall any *State* deprive any person of life, liberty, or property without due process of law.' Certainly a State can not be deemed guilty of a violation of this constitutional obligation simply because one of its courts, while acting within its jurisdiction, has made an erroneous decision. The legislature of a State performs its whole duty under the constitution in this particular when it provides a law for the government of its courts while exercising their respective jurisdictions, which, if followed, will furnish the parties the necessary constitutional protection. All after that pertains to the courts, and the parties are left to the appropriate remedies for the correction of errors in judicial proceedings." (p. 195.)

Many similar decisions may be found collated in 5 Encyc. U. S. Sup. Ct. Rep. 621 *et seq.* Therefore the

scope of the investigation here is limited to determining the nature of the supposed defects in the proceedings of the district court of which the defendant complains.

The court had jurisdiction of actions for the recovery of money due on account for goods sold and delivered, had jurisdiction of this action by appeal taken by the defendant himself, and by the defendant's own act in taking the appeal had jurisdiction of him. Since the court had jurisdiction of the parties and of the subject matter it is hornbook law that, however wrong the result of the proceeding may be, missteps occurring in the course of it constitute irregularities and errors in procedure only, and they can not be conjured into anything graver by the use of impressive and high sounding characterizations.

The defendant's detention in custody did not deprive the court of jurisdiction to proceed without him. In the case of *Neale and al. v. Utz and al.,* 75 Va. 480, a defendant was served with process just before he was convicted of a felony and confined in the penitentiary. Judgment was taken against him by default, which was afterwards assailed collaterally as void. The court said:

"The suit being brought and the process served before the conviction, the court fairly acquired jurisdiction of the cause and the parties, and that jurisdiction continues notwithstanding the subsequent disability of the defendant. Under such circumstances the utmost that could have been exacted of the plaintiff was a suspension of all proceedings until the disability was removed, or the appointment of a committee to defend the suit for the convict. The plaintiff, however, did not pursue this course, but prosecuted the suit to a judgment. If it be conceded that this was error, it is not an error that invalidates the judgment. And the reason is, that jurisdiction having been once properly acquired over the person and the subject matter of controversy, no error in its exercise, no irregularity in the proceedings can make the judgment void. The authority to decide being once shown, it can never

be divested by being improperly or erroneously employed." (p. 485.)

The notice essential to due course and process of law is original notice, whereby the court acquires original jurisdiction, and not notice of the time when jurisdiction already completely vested will be exercised. (*The Lessee of Walden v. Craig's Heirs et al.* [39 U. S.], 14 Pet. 147; *The United States v. Ritchie* [58 U. S.], 17 How. 525; 5 Encyc. U. S. Sup. Ct. Rep. 642.) There is no statutory or other rule of practice which required notice to the defendant that his appeal was about to be called for hearing, and it is not claimed that the court gave any assurance that he would be notified. But if there had been an express statute requiring notice before judgment could be taken by default, failure to give the notice would be an irregularity only. (*Egan v. Sengpiel,* 46 Wis. 703, 1 N. W. 467.)

The defendant cites 17 A. & E. Encycl. of L. 835, where it is said that a judgment may be vacated if the party against whom it was rendered was not given notice of the time of trial. Unless terms and conditions are imposed by statute the proposition stated is generally true; but if in a particular case the court should wrongfully refuse to open a judgment the aggrieved party would not be deprived of due process of law by the erroneous ruling. The defendant also cites *Quinton v. Durein,* 59 Kan. 772, 51 Pac. 898. It has no application. The subject there under consideration was the right of a party served by publication only to have the judgment opened under section 77 of the old code (Gen. Stat. 1901, § 4511).

Conceding, for the purpose of the decision, that the appeal brought up the defendant's overruled motion attacking the verification of the bill of particulars and that such motion was pending in the district court when the default was taken, the action of the court in disregarding the motion was merely an irregularity, which

has been well defined as "the failure to observe that particular course of proceeding which, conformable with the practice of the court, ought to have been observed in the case." (Cooley's Const. Lim., 7th ed., p. 588.)

In a foreclosure suit the plaintiff and certain defendants entered into a stipulation whereby judgment was taken against the mortgagor, Barber, for a large sum of money and for the foreclosure of his mortgage. Barber had a demurrer to the complaint pending, did not sign the stipulation, and, so far as the record disclosed, was not present when the judgment was entered. In an action for possession of the land involved, brought by the purchaser at the foreclosure sale, the circuit court held the judgment against Barber to be void. The supreme court reversed the judgment, holding that where jurisdiction has been obtained over the person and over the subject matter no error in the exercise of such jurisdiction can make a judgment void. (*Bateman v. Miller,* 118 Ind. 345, 21 N. E. 292.)

Conceding, for the purpose of the decision, that the plaintiff's bill of particulars was not verified and that the code required him to prove the items of his account, the judgment by default was irregular and erroneous merely. The case of *Garner, County Clerk, v. The State, ex rel.,* 28 Kan. 790, involved the validity of a default judgment taken contrary to the terms of a special statute requiring special findings of the facts established by the evidence to be stated by the court and entered upon the journal before judgment should be given thereon. The syllabus reads:

"Where a court of record, having jurisdiction, renders a judgment upon a petition filed before it against a defendant upon default of answer, and the statute requires the court in the particular proceeding to take evidence and make special findings, and the court fails to comply with the statutory requirements, the judgment at most is erroneous, not void." (Syl. ¶ 2.)

In the case of *Clark v. Sup'r Ct. of Lassen Co.*, 55 Cal. 199, the opinion reads:

"If, after acquiring jurisdiction of the parties and subject-matter of an action, a superior court should order judgment in favor of one of the parties without a trial, that judgment would neither be 'without or in excess of the jurisdiction of such tribunal,' although it might be erroneous, as any judgment might be if rendered upon the naked pleadings in a case where the pleadings raised a material issue." (p. 200.)

Such is the law everywhere.

The judgment rendered against the defendant not being void, he had no right to have it vacated on motion until he made a showing upon which the court could adjudge that he has a valid defense to the cause of action on which the judgment was rendered. (Civ. Code, § 602.) Although the defendant has now opposed the collection of this small debt in three courts no suggestion has yet been made that he has any legitimate defense, counterclaim or set-off. He had an opportunity to make a showing of this kind in the district court, and due process of law does not require this court to conjecture that defenses may exist which have never been presented. (*Louisville and Nashville Rd. Co. v. Schmidt*, 177 U. S. 230.)

In the case of *Brenholts v. Miller*, 80 Kan. 185, 101 Pac. 998, this court took occasion to say:

"A party who is summoned in the course of a regular judicial proceeding, either personally or by publication, in a court having jurisdiction, will have his day in court, and must appear and take the proper steps to protect his interests within the time allowed for that purpose. Opportunity may not knock again at his door." (p. 186.)

The defendant seeks to escape the binding force of the judgment by calling the proceedings fraudulent. The facts appear in the motion to vacate the judgment. They can not be enlarged or changed by stigmatization, and they furnish no basis, under the clear and well-

settled principles of law stated, for the charge that the defendant has been denied due course or process of law.

The argument that the justice of the peace was without jurisdiction is frivolous.

The judgment of the district court is affirmed.