Asbell v. Aldrich.

---

No. 19,613.

B. F. ASBELL, *Appellant*, v. DOLPH ALDRICH, *Appellee*.

Appeal from Neosho district court; JAMES W. FINLEY, judge. Opinion filed April 14, 1915. Dismissed.

*Archie D. Neale,* of Chetopa, for the appellant.
*Nelson Case,* of Oswego, for the appellee.

*Per Curiam:* An action to recover $68, after several trials in Labette county, was taken on a change of venue to the district court of Neosho county, where a final decision was reached in favor of the defendant,

who afterwards filed a motion to retax the costs. The district court of Neosho county decided that the costs accruing in that county were properly taxed, but declined to pass upon the motion as to the remainder, on the ground that that matter was one for the determination of the Labette county court. It is shown that the district court of Labette county has also held that it has no jurisdiction of the question. The plaintiff undertakes to appeal from the ruling of the Neosho county court, and is met with a motion to dismiss. This court has heretofore held that a decision relating only to costs is not reviewable, even although the items challenged amount to more than $100. (*Mo. Pac. Rly. Co. v. Yawger,* 52 Kan. 691, 35 Pac. 814.) That ruling is adhered to and the appeal is therefore dismissed. This decision being based on a want of jurisdiction is of course without prejudice to the appellant's right to institute mandamus in this court to determine upon which of the two district courts rests the duty of entertaining and deciding the motion to retax the costs. The defendant is clearly entitled to a ruling by one court or the other, and it may aid an early settlement to suggest that in our own present view the court to which a change of venue is taken has full jurisdiction to determine the validity of all the costs taxed in the case.