No. 20,309.

W. A. CRAMER, *Appellant*, v. THE FARMERS STATE BANK OF GALVA, *Appellee*.

SYLLABUS BY THE COURT.

CONSTITUTIONAL LAW—*Due Process of Law—Costs—No Constitutional Question Raised*. A contention that the trial court failed to follow the statute in taxing costs raises no question concerning the violation of the constitutional prohibition against depriving a person of property without due process of law.

Appeal from McPherson district court; FRANK F. PRIGG, judge. Opinion filed July 8, 1916. Dismissed.

*Alex S. Hendry*, of McPherson, for the appellant.

*G. F. Grattan*, and *J. M. Grattan*, both of McPherson, for the appellee.

The opinion of the court was delivered by

MASON, J.: In an action for the recovery of money only a judgment was rendered for the plaintiff for $104.29. The defendant paid the amount into court, and the plaintiff has received a portion of it. The judgment itself is not attacked, but the plaintiff appeals from a later order made, the effect of which was to deny his claim to a recovery of $25.50 additional, and perhaps of a further item—not enough to bring the amount in controversy up to $100—and from a ruling dividing the costs, all of which he maintains should have been taxed against the defendant. The amount in dispute, exclusive of costs, being less than $100, no review can be had upon the merits, nor upon the taxation of costs. (Civ. Code, § 566; *Mo. Pac. Rly. Co. v. Yawger*, 52 Kan. 691, 35 Pac. 814.) The plaintiff asserts that the case is within one of the statutory exceptions, in

that a constitutional question is involved, contending that he was deprived of his property without due process of law by the failure of the trial court to follow the provision of the code allowing the recovery of costs by the prevailing party in an action for money only. (Civ. Code, § 613.) If the court misinterpreted or misapplied the statute the result was an erroneous ruling, but not a denial of due process of law. (*Griggs v. Hanson*, 86 Kan. 632, 121 Pac. 1094; 6 R. C. L. 445.)

The appeal is dismissed.