No. 20,160.

JAMES LOOPE, *Appellee*, v. THE CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

APPEAL—*Amount Involved Less Than $100—Appeal Dismissed.* Under section 3654 of the General Statutes of 1909, the justice of the peace had no right to entertain the garnishment proceeding involved herein, but the district court, although acting erroneously, was not without jurisdiction, and the amount involved being less than one hundred dollars, and no constitutional question being involved, the appeal must be dismissed.

Appeal from Wyandotte district court, division No. 1; ED-WARD L. FISCHER, judge. Opinion filed October 7, 1916. Dismissed.

*William Warner, O. H. Dean, W. D. McLeod, H. M. Langworthy,* and *James P. Kem,* all of Kansas City, Mo., for the appellant.

*E. E. Martin,* of Kansas City, for the appellee.

The opinion of the court was delivered by

WEST, J.: The defendant railroad company was called upon to answer in a justice court a proceeding in garnishment involving wages earned out of this state, payable out of this state, the cause of action arising out of this state, the defendant in the garnishment action not being personally served with process. The justice ordered the railroad company to pay and an action was brought in the district court to compel obedience to this order. The defendant, having been defeated, appeals, asserting that although the amount involved is less than one hundred dollars it has been deprived of its property without due process of law, and that the refusal of the trial court to make findings of fact and conclusions of law in writing was a deprivation of a remedy guaranteed by the Kansas bill of rights.

In view of section 3654 of the General Statutes of 1909 we unhesitatingly hold that the justice of the peace was utterly without right to entertain jurisdiction of the proceeding except to dismiss it. The difficulty, however, is that when the matter was taken to district court that tribunal had jurisdiction to determine, erroneously, as it did, against the rights of the railroad company and the plain provisions of the statute in question. The refusal to make findings of fact and conclusions of law was erroneous merely but not jurisdictional. It was sought by answer and by requests for declarations of law to induce the trial court to treat the enforcement of the order of the justice as a deprivation of certain constitutional rights. The case, however, really involves no constitutional question, and hence on account of the smallness of the amount in controversy, an appeal will not lie. (Civ. Code, § 566; *Clevenger v. Figley,* 68 Kan. 699, 75 Pac. 1001; *Caldwell v. Bigger,* 76 Kan. 49, 55, 90 Pac. 1095; *Ayres v. Deering,* 76 Kan. 149, 90 Pac. 794; *Brenholts v. Miller,* 80 Kan. 185, 101 Pac. 998; *In re Luttgerding,* 83 Kan. 205, 210, 110 Pac. 95; *Griggs v. Hanson,* 86 Kan. 632, 121 Pac. 1094, Ann. Cas. 1913 C, 392; *Wheeler v. Ballard,* 91 Kan. 354, 360, 137 Pac. 789.)

The appeal is dismissed.