Baird v. Shaffer.

No. 23,166.

JAMES A. BAIRD et al., *Appellees,* V. JOHN S. SHAFFER et al.,
*Appellants.*

SYLLABUS BY THE COURT.

MOTION TO RETAX COSTS—*Appellate Jurisdiction.*   A decision refusing to
retax costs which had been assessed and formed a part of a judgment
previously affirmed upon appeal relates exclusively to costs and is not
open to review, although the amount questioned may exceed $100.

Appeal from Smith district court; WILLIAM R. MITCHELL,
judge.   Opinion filed October 8, 1921.   Dismissed.

*T. D. Relihan* and *A. W. Relihan,* both of Smith Center, for
the appellants.

*L. C. Uhl* and *L. C. Uhl, jr.,* both of Smith Center, for the
appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.:   This is an appeal from a ruling refusing
to retax costs and exclusively relating to costs which arose in
a case and became a part of a judgment that was entered on
April 3, 1913.   An appeal was taken to this court from that
judgment August 13, 1915, and it was affirmed here.   After-
wards an execution was issued upon the judgment and on
May 1, 1919, the costs were paid into court.   No objection was
made as to the costs assessed upon the first appeal nor for
more than six years after they were adjudged.   In May, 1919,
defendants moved for a retaxation of the costs allowed an ex-
pert witness, amounting to $109.58, which amount it appears
was still in the hands of the clerk of the court.   When the mo-
tion to retax the costs was denied, the court directed the clerk
to hold the money pending an appeal from the decision which
defendants announced they would take.

Aside from the fact that no objection was made to the as-
sessment of costs which constituted a part of the judgment
which was affirmed upon appeal; and apart from the fact that
six years have elapsed and many terms of court have intervened
without complaint as to these costs; and notwithstanding the
voluntary payment of the same, all of which afforded grounds
for holding that the defendants had waived their right to a

retaxation of the costs by reason of lapse of time and their own laches, the present appeal must be disposed of upon another ground. A proceeding to retax costs after the affirmance of the judgment, involves nothing but costs. A ruling relating exclusively to costs is not open to review here although the amount questioned may exceed $100. (*Mo. Pac. Rly. Co. v. Yawger,* 52 Kan. 691, 35 Pac. 814; *Asbell v. Aldrich,* 95 Kan. 313, 147 Pac. 1126; *Cramer v. Bank,* 98 Kan. 641, 158 Pac. 1111.)

The appeal is therefore dismissed.