[Crim. No. 8402. Second Dist., Div. Three. May 8, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. DAVE STRADWICK, Defendant and Appellant.

*Assigned by Chairman of Judicial Council.

Dave Stradwick, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Plaintiff and Respondent.

SHINN, P. J.—In an information filed by the district attorney, appellant Dave Stradwick was charged with the murder of Jimmie L. McCowen. In a jury trial, the appellant who was represented by counsel, was found guilty of murder in the second degree. His motion for a new trial and probation having been denied, he was sentenced to the state prison. Defendant substituted himself as his own attorney and appeals.

He first contends that he was denied due process of law and the equal protection of the law in that he was not indicted by the grand jury. It is a vain argument. As was stated in *People* v. *Porter*, 136 Cal.App.2d 461, 469 [288 P.2d 561], "The appellant's contention on this point is adequately refuted by the citation of a few of the many cases which have held that prosecution by preliminary examination and information does not violate any constitutional provisions and

it is not requisite that a state prosecute by indictment only. (*Hurtado* v. *California*, 110 U.S. 516 [4 S.Ct. 111, 292, 28 L.Ed. 232]; *People* v. *Sewell*, 95 Cal.App.2d 850 [214 P.2d 113].)''

██ Defendant next questions the sufficiency of the evidence to support the judgment. At the trial the prosecution offered the testimony of three witnesses: Joseph W. Kelly, who was present at the scene of the murder; Jack Gotch, a police officer attached to the homicide detail; and Dr. Kenneth E. Chapman, the doctor who performed the autopsy on the deceased. Kelly testified that shortly after midnight on the morning of November 24, 1961, defendant was in the parking lot of a bar. He had voluntarily assisted in separating two men who were fighting. One of the men entered the bar and returned in the company of five or six men, including the decedent and witness Kelly. During the incident that followed Stradwick chased the decedent and Kelly heard the defendant say to the decedent: ''I will cut your God damn head off.'' The decedent, who was backing away from Stradwick, exclaimed that Stradwick had a knife and called for help. Kelly saw Stradwick make two quick downward motions with his right arm toward the left side of McCowen's chest. The autopsy report stated the cause of death to be one of two stab wounds on the left side of the chest of the decedent. Defendant was a willing participant throughout. ██ In order to find malice necessary to support second degree murder, it is not required to show an actual intent to kill nor any preexisting hatred or enmity against the victim. The doing of an unlawful and felonious act intentionally, deliberately and without legal cause or excuse is sufficient. (*People* v. *Coleman*, 50 Cal.App.2d 592 [123 P.2d 557]; *People* v. *Torres*, 94 Cal.App.2d 146 [210 P.2d 324].)

██ Officer Gotch recovered a knife from the parking lot around 7 a.m. of the same morning. At approximately 8 a.m. he questioned Stradwick about the knife. Stradwick said he did not know whether the knife was the one he had had but that he thought he had stabbed the victim only once. In the presence of the officer he explained how he had held the knife. Officer Gotch testified that he believed that when he found the knife the small blade was open. Defendant refers to the testimony of Dr. Chapman to the effect that, in his opinion, the fatal wound could not have been caused by the small blade of the knife in question. However, it must be noted that the knife was unaccounted for from the time of the

incident to its discovery and that the officer stated that he could not recall for sure whether any blades were open. Defendant also asserts that no one testified that he actually saw the weapon in the hands of the defendant and that the knife was never tested for fingerprints. In view of the testimony above related, it is clear that the evidence was sufficient to support the judgment.

The judgment is affirmed. The purported appeal from order denying motion for new trial is dismissed.

Ford, J., and Files, J., concurred.