[Crim. No. 16816. Second Dist., Div. Five. June 19, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
WYLIE LAWRENCE PEARCE, Defendant and Appellant.

**986**

COUNSEL

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Thomas Kallay, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**STEPHENS, Acting P. J.**—After being charged by indictment, defendant was found guilty of possession of marijuana (Health & Saf. Code, § 11530) and sale of heroin (Health & Saf. Code, § 11501). He appeals from the judgment.

No recitation of the facts is required here, for there is no contention of insufficiency of the evidence, or other question raised necessitating reference to them. The contention on appeal is that "Proceeding by Indictment is Unconstitutional."

The Fifth Amendment of the United States Constitution provides in part that no person shall be held to answer for a capital or otherwise infamous crime unless on a presentment or indictment by a grand jury. The due process of such a method of accusation has been approved. (*Smith* v. *United States,* 360 U.S. 1 [3 L.Ed.2d 1041, 79 S.Ct. 991].) Article 1, section 8 of the California Constitution provides in part that "Offenses heretofore required to be prosecuted by indictment shall be prosecuted by information, after examination and commitment by a magistrate, or by indictment, with or without such examination and commitment, as may be prescribed by law."

While prosecution by way of information after a preliminary hearing has been attacked as a denial of due process, it has been approved as a proper method of procedure. (*Hurtado* v. *California,* 110 U.S. 516 [28 L.Ed. 232, 4 S.Ct. 111]; *People* v. *Stradwick,* 215 Cal.App.2d 839 [30 Cal.Rptr. 791].)

Defendant urges that a person indicted is deprived of many of the rights afforded a person who is prosecuted after a hearing before a magistrate. He relies upon language in *People* v. *Baker,* 231 Cal.App.2d 301, 307 [41 Cal.Rptr. 696, 11 A.L.R.3d 1046]: "In our opinion, proceeding by way of information and preliminary examination is more substantial due

process than proceeding by way of indictment." The statement followed reliance upon *Hurtado* v. *California, supra,* as determinative of one of the contentions then before that court. The instant question was not before the court in *Baker,* and it is our opinion that to stretch the meaning of the quoted sentence as authority here is to reach the breaking point of reasoning.

Defendant also quotes from *Gray* v. *Hall,* 203 Cal. 306, 318 [265 P. 246]: ". . . . Due course of law under the state constitution and due process of law under the federal constitution mean the same thing. *(Griggs* v. *Hanson,* 86 Kan. 632, 634 [Ann. Cas. 1913C 242, 52 L.R.A. (N. S.) 1161, 121 Pac. 1094].) It is the right of a litigant to have his cause tried and determined under the same rules of procedure that are applied to other similar cases, and when this is afforded to him he has no ground to complain that due process of law is not being observed. *(Estate of Mc-Phee,* 154 Cal. 385, 390 [97 Pac. 878]." He refers to 8 Stanford Law Review (p. 632): "The grand jury as a social institution has been under attack in both the United States and England for more than a hundred years. [For a history of attacks on the grand jury, see Younger (1955) *The Grand Jury Under Attack,* 46 J. Crim. L., C. & P.S. 26, 214.] It has been variously criticized as archaic, inefficient, cumbersome, irresponsible and costly. [See Miller, *Informations or Indictments in Felony Cases* (1924) 8 Minn. L. Rev. 379, 383 n. 27; Morse, *A Survey of the Grand Jury System* (1931) 10 Ore. L. Rev. 101, 346 n. 207.] It was abolished in England, the place of its birth, in 1933. [Citing Administration of Justice (Miscellaneous Provisions) Act, 1933, 23 & 24 Geo. V, c. 36.]"

The criticisms quoted by defendant were not directly attacking the issue of deprivation of constitutional rights of defendants, but basically dealt with mechanical aspects of formation and composition of grand juries; the reference to criminal indictments contained in the Stanford Law Review article was very brief and certainly was not intended as an exhaustive consideration of the problem here raised. We believe that *Smith* v. *United States, supra, Hurtado* v. *California, supra,* and *People* v. *Stradwick, supra,* adequately resolve the merits of the criticisms, all to the contrary. Keeping in mind that the consideration incident to the return of an indictment is not a trial but an inquiry into whether the charge should be made at all *(People* v. *Dupree,* 156 Cal.App.2d 60 [319 P.2d 39]), to say that this procedure prejudices an individual fails to balance the benefits derived through lack of public accusation with that of confrontation of witnesses (Pen. Code, § 865) prior to a trial. The grand jury is an investigatory body, and "[i]n no case is the accused privileged to be confronted by his accusers. Indeed, he may not appear before the grand jury or produce

witnesses in his own behalf as a matter of right." (*People* v. *Foster,* 198 Cal. 112, 120 [243 P. 667].)

The defendant contends that the proceeding against him by way of grand jury indictment constituted a denial of equal protection under the Fourteenth Amendment. But the safeguard of the equal protection clause is equality, rather than identity of rights and privileges. "The meaning of this term ['equal protection of the law'], generally speaking, is that all persons under like circumstances shall be given equal protection and security in the enjoyment of personal and civil rights, . . . and the prevention and redress of wrongs. . . ." (*Datta* v. *Staab,* 173 Cal.App.2d 613, 623 [343 P.2d 977].) However, "[e]xact quality is no prerequisite of equal protection of the laws within the meaning of the Fourteenth Amendment." (*Norvell* v. *Illinois* (1963) 373 U.S. 420, 423 [10 L.Ed.2d 456, 459, 83 S.Ct. 1366].) There is no denial of equal protection, though the grand jury indictment and the preliminary hearing information procedures are different in form. ". . . [A]bsolute equality is not required; only '*invidious* discrimination' denies equal protection [under the Constitution]." (Italics added.) (*People* v. *Shipman,* 62 Cal.2d 226, 232 [42 Cal.Rptr. 1, 397 P.2d 993]; accord, *Douglas* v. *California* (1963) 372 U.S. 353, 356 [9 L.Ed.2d 811, 814, 83 S.Ct. 814].)

The classifications prohibited by the equal protection clause are those which have no rational relationship to the ends sought to be attained by the state. (See *McGowan* v. *Maryland* (1961) 366 U.S. 420, 425 [6 L.Ed.2d 393, 399, 81 S.Ct. 1101].) But some classification is inevitable and constitutionally permissible and there is a very strong presumption of validity in legislative classifications: "[I]t has long been settled that a classification, though discriminatory, is not arbitrary nor violative of the equal protection clause of the Fourteenth Amendment if any state of facts reasonably can be conceived that would sustain it." (*Allied Stores of Ohio* v. *Bowers* (1959) 358 U.S. 522, 528 [3 L.Ed.2d 480, 486, 79 S.Ct. 437].)

As we said in *Powers* v. *Floersheim,* 256 Cal.App.2d 223, 233 [63 Cal.Rptr. 913], cert. den. 391 U.S. 951 [20 L.Ed.2d 864, 88 S.Ct. 1849]: "We recognize that uneven enforcement of the laws can be a denial of equal protection (*Yick Wo* v. *Hopkins,* 118 U.S. 356 [30 L.Ed. 220, 6 S.Ct. 1064].) Generally, such unequal enforcement must be accompanied by a malicious intent on the part of the prosecution before it constitutes a denial of equal protection (*Snowden* v. *Hughes* (1944) 321 U.S. 1, 8 [88 L.Ed. 497, 502, 64 S.Ct. 397]), rather than just enforcement against those parties who pose the largest threat to the state, or enforcement that is the most efficient means of enforcing the law, given the limited resources of the state agency (*Oyler* v. *Boles* (1962) 368 U.S. 448, 456 [7 L.Ed.2d 446, 452, 82 S.Ct.

501]). A denial of equal protection involves the unequal treatment of persons equally situated. In the instant case, there has been no showing that there were others involved in the designing and selling of such forms as their primary business who have not been prosecuted. Nor has there been showing of administrative bias against these defendants. . . . We find no merit in the contention that these defendants have been denied equal protection. (See *People* v. *Gray,* 254 Cal.App.2d 256 [63 Cal.Rptr. 211].)" The defendant has not claimed or presented facts to support the inference that the indictment procedure was chosen in his case due to some arbitrary or purposeful act on the part of some state official. Nor is there any indication that a constitutionally impermissible classification such as race or religion has been used. "The unlawful administration by state officers of a state statute fair on its face, resulting in its unequal application to those who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination." (*Snowden* v. *Hughes* (1943) 321 U.S. 1, 8 [88 L.Ed. 497, 503, 64 S.Ct. 397].)

The provisions of the Constitution of the United States must be read as a whole, and every intendment must be to give effect to each provision unless specifically repealed. The provisions of due process and equal protection certainly cannot be read as having any such repealing effect upon the provision expressly requiring or authorizing the indictment procedure.

The initiation of criminal proceedings against defendant by way of grand jury indictment instead of by information and preliminary hearing did not violate his constitutional rights of due process and equal protection.

The judgment is affirmed.

Reppy, J., concurred.

Aiso, J., concurred in the judgment.

Appellant's petition for a hearing by the Supreme Court was denied August 12, 1970.