ANNA LIST v. CHARLES JOCKHECK.

VACATING JUDGMENT — *Civil Code — Provisions, Construed.*    Subdivision 2 of § 542 of the civil code, giving the supreme court authority to reverse, vacate or modify an order that grants or refuses a new trial, has no application to an order vacating or suspending a judgment temporarily only, under the provisions of §§ 568, 570, 572 and 573 of the civil code.

*Motion for Rehearing.*

THE case is sufficiently stated in *List v. Jockheck*, ante, p. 349, *et seq.*, and in the opinion denying a rehearing, filed July 11, 1891.

*W. A. S. Bird,* for plaintiff in error.

*David Overmyer,* for defendant in error.

*Per Curiam:* It is insisted that the original opinion handed down in this case, *ante*, p. 349, is erroneous, because subdivision 2 of § 542 of the civil code authorizes the supreme court to reverse, vacate or modify an order that grants or refuses a new trial.    It is further insisted, that a new trial has

been granted in this case within the terms of § 542 of the civil code, and therefore that error to this court will lie therefrom.

Said § 542 does not embrace orders of the district court vacating or suspending temporarily only a judgment, under the provisions of §§ 568, 570, 572 and 573 of the civil code. Unless the fraud alleged in the petition in this case shall be sustained upon the trial thereof, the original judgment will stand as if never suspended, and may be enforced as if this proceeding had never been instituted. Section 568 of the civil code is similar to § 534 of the civil code of Ohio, and the decisions of that state upon the construction of the provisions of that section and the following sections can be consulted with profit.

Subdivision 4 of § 568, authorizing a statutory petition to set aside a judgment "for fraud practiced by the successful party in obtaining the judgment," does not impair the common-law right to make a motion, in proper time and form, to set aside judgments at law; nor does it deny the right to file a petition to impeach judgments, as in chancery, for fraud; but it is a cumulative, statutory substitute for such motion and petition." (*Wheeler v. White*, 4 West. Law Mon. 110.) When the existence of a ground to vacate or modify a judgment is decided in favor of the petitioner, under § 571 of the civil code, the case is not yet reached for a final judgment of vacation or modification. If the petition be filed by the defendant in the original action, it must be adjudged that there is a valid defense to the action. (Civil Code, § 572.)

"In order that the validity of the defense may be adjudged, an issue or issues should be made up by proper pleadings. If the proceeding to vacate or modify be by motion, the defendant should be required to file his answer to the original petition, with leave to the plaintiff to reply. If the proceeding be by petition, in which the matters of defense are set forth in issuable form, it would be sufficient, no doubt, to take issue thereon by reply or demurrer. When the issue is thus made up, it should be tried as in other cases. (*Frazier v. Williams*, 24 Ohio St. 625.) After such trial, and not before, the court is authorized to render a final judgment or order of vacation or modification of the original judgment." (*Fullenwider v. Ewing*,

30 Kas. 15; *Meixell v. Kirkpatrick*, 25 id. 15; Taylor's Annot. Civil Code of Pr. 238, 241, and cases there cited; *Ames v. Brinsden*, 25 Kas. 746; 1 Yaple's Code Pr. & Prece. 608, 609; *Watson v. Paine*, 25 Ohio St. 340.)

If the alleged fraud of the plaintiff in the original action is clearly established, then the trial court will be authorized to make a final order of vacation of the original judgment, not otherwise. If the alleged defense of fraud fails, the petition or application to vacate the original judgment must be dismissed, and the original judgment will be enforced as rendered. As was said in *Fullenwider v. Ewing*, 30 Kas. 15:

"In one sense, this proceeding may be considered as a mere incident to the original action, or as a proceeding belonging to and growing out of the original action; but in another sense it must be considered as an action itself. . . . Such proceeding, upon such petition, partakes, to a very great extent, of the nature of a suit in equity to vacate or set aside a judgment for fraud or otherwise; and if the proceeding itself does not arise to the grade or dignity of an action, it partakes, to a very great extent of the nature of an action. In § 4 of the civil code, it is stated that 'An action is an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense.' Does not the present proceeding come within this definition? Fullenwider had a right in the original action to have the same tried fairly and without deceit, or fraud, or perjury. That right, he alleges, was violated, and by means of this proceeding he seeks redress. Does not this answer the description of an action? But whether this proceeding is an action, or a mere special proceeding in another action, we think it partakes of the nature of an action, and should be tried by legal evidence, just as real actions are tried, and not upon affidavits, as is usually the case with respect to mere motions."

"A party may have a good defense to an action, but if he fail to make such defense when the case is called for trial, he will not be permitted to come in weeks afterward and say that the judgment was wrong and ought to be set aside, simply because he had a good defense. The same rule applies to an order. Code, § 568." (*Iliff v. Arnott*, 31 Kas. 672.)

But, of course, if a party is prevented by fraud from making his defense, the original judgment cannot stand.

In *Soper v. Medberry*, 24 Kas. 128, the question here discussed and decided was not presented. Indeed, it was not necessary to do so in that case, in view of the decision rendered.

The rehearing will be denied.