THE UNCLE SAM OIL COMPANY v. R. R. FORRESTER.

No. 15,848. (100 Pac. 512.)

SYLLABUS BY THE COURT.

DAMAGES — *Conversion of Bank Stock* — *Pleading and Proof.* Where, in an action for damages for the refusal of a corporation to transfer stock upon its books upon due demand, the only allegation respecting damages is that the defendant converted the stock to its own use, to the damage of the plaintiff in the sum of twenty cents per share, judgment ought not to be rendered for that amount where the only proof of damages is the production of the certificate of stock assigned to the plaintiff containing recitals that the shares are one dollar each, fully paid up.

Oil Co. v. Forrester.

Error from Montgomery district court; THOMAS J. FLANNELLY, judge.   Opinion filed March 6, 1909.   Reversed.

*Albert L. Wilson,* and *McAnany & Alden,* for plaintiff in error.

*J. A. Brady,* and *L. P. Brooks,* for defendant in error.

The opinion of the court was delivered by

BENSON, J.:  The petition alleged that the defendant, an Arizona corporation doing business in this state, had issued its certificate for 8000 shares of its capital stock to H. P. Farrelly; that the certificate was sold and assigned to the plaintiff, Forrester, who presented it to the secretary of the company at its office in Cherryvale with the assignment thereon, and demanded that the shares be transferred to him upon the books of the corporation, which demand was refused; and that the defendant converted the stock to its own use, to the damage of the plaintiff in the sum of twenty cents on the dollar, amounting to $1600.

The answer pleaded a notification given by other claimants that plaintiff was not the real owner of the shares, demanding that the transfer should not be made until the title should be determined, and prayed that such claimants should be made parties and their rights determined.   A demurrer to this answer was sustained.

The case was afterward tried upon the question of the amount of damages.   The only evidence offered by the plaintiff was the certificate and the assignment indorsed thereon.   The certificate recited that the shares were fully paid up.   In the margin appeared this statement:  "Shares $1 each."   A demurrer to the evidence being overruled, the court rendered judgment for the plaintiff for $1656.   The defendant presents the case here.

The ruling upon the demurrer to the answer can not be reviewed because of lapse of time.   The only ques-

tion is whether there was evidence to sustain the judgment. As the defendant was in default for want of an answer the material allegations of the petition were properly taken as true. (Civ. Code, § 128.) Assuming that the petition stated facts sufficient to constitute a conversion, it was still necessary for the plaintiff to prove the amount of his damages. (Civ. Code, §§ 128, 401.)

We may presume that the amount of the judgment was made up of the plaintiff's claim—twenty cents on the dollar and interest thereon. It is argued that because the certificate stated that the shares were fully paid up, and that they were one dollar each, it must be presumed they were of that value and the damages the same; but such presumption can not apply where the plaintiff, as in this case, alleges otherwise. The actual damages may be less than the value of the shares in such a case, and as the plaintiff so alleged the par value can not be taken as the measure of his loss. Upon this pleading the plaintiff was required to produce some evidence of his actual damages, and in the absence of such evidence the judgment rendered can not be sustained.

The judgment is reversed and the cause remanded for further proceedings.