CHARLES J. BRENHOLTS V. VOLNEY T. MILLER.

No. 16,023.

SYLLABUS BY THE COURT.

JUDGMENTS—*Validity—Motion to Set Aside.* Where the court
has jurisdiction of the parties and the subject-matter, a judg-
ment entered by default quieting the title of a party in pos-
session of land under a tax deed void upon its face as a con-
veyance is not a nullity, and will not be set aside on motion
of a defendant filed more than three years afterward.

Error from Ness district court; CHARLES E. LOB-
DELL, judge. Opinion filed May 8, 1909. Affirmed.

*John F. Wood,* for the plaintiff in error.

*A. S. Foulks,* and *A. W. Wilson,* for the defendant in
error.

The opinion of the court was delivered by

BENSON, J.: The only question in this case is
whether a judgment entered by default quieting title
upon a tax deed set out in the petition is void merely
because the tax deed is, upon its face, void as a con-
veyance. The argument is that because the petition
affirmatively showed want of title in the plaintiff under
the tax deed a valid judgment could not be rendered in
his favor, and that the judgment in fact entered thereon
should be set aside as a nullity under section 575 of the
civil code.

The motion filed by the defendant to set aside the
judgment on this ground was properly denied. The
court had jurisdiction of the parties and of the subject-
matter, and the petition challenged judicial action. It
averred that the plaintiff was the owner of the land
and in possession thereof, and that the claims of the
defendant thereto were groundless, but cast a cloud
upon the plaintiff's title, which he prayed should be
quieted.

The tax deed was not a nullity, but gave the plaintiff rights and equities in the land, although void as a muniment of title. (*Cohen v. St. L., Ft. S. & W. Rld. Co.,* 34 Kan. 158; *Pierce v. Adams,* 77 Kan. 46.) Whether it conveyed the title, however, or was only evidence of a lien for taxes, or what its legal effect was, were questions presented to the court, requiring judicial consideration and determination. If the court erred in its judgment upon these matters such error could only be corrected by appropriate proceedings, which were not taken. The judgment is therefore conclusive between the parties.

After a court has obtained jurisdiction an erroneous decision does not render the judgment void. (*Hodgin v. Barton,* 23 Kan. 740; *Walkenhorst v. Lewis,* 24 Kan. 420; *Clevenger v. Figley,* 68 Kan. 699; *Taylor v. Coots,* 32 Neb. 30.) Trials are upon issues of law as well as of fact. (Civ. code, § 265.) Where a demurrer is interposed specifying that the petition does not state a cause of action, the judgment entered thereon is a final judgment, although it presents only an issue of law. (*Brown v. Kirkbride,* 19 Kan. 588.)

"It is well settled that an issue so determined is a bar, not only to any dispute as to the facts, but also as to any further consideration of the law bearing on the case." (*Hyatt v. Challiss,* 59 Kan. 422, 427.)

If the defendant's contention is correct, then in any case where a petition would be held insufficient to state a cause of action, if demurred to, it would be better not to incur the expense of presenting a demurrer and taking an appeal from an adverse ruling, since the final judgment might at any time be set aside on motion. A party who is summoned in the course of a regular judicial proceeding, either personally or by publication, in a court having jurisdiction, will have his day in court, and must appear and take the proper

steps to protect his interests within the time allowed for that purpose. Opportunity may not knock again at his door.

The order denying the motion to set aside the judgment is affirmed.