No. 23,318.

M. R. MOORE, *Appellee*, v. JOHN H. ZEMAN, as Administrator, etc., and MRS. CLYDE T. MOORE, *Appellants*.

### SYLLABUS BY THE COURT.

VACATION OF JUDGMENT. Record examined, and the evidence held sufficient to sustain an order vacating a judgment rendered at a previous term.

Appeal from Ellis District court; ISAAC T. PURCELL, judge. Opinion filed July 9, 1921. Affirmed.

*C. M. Holmquist,* of Hays, and *John R. Parsons,* of Wa Keeney, for the appellants.

*J. P. Shutts,* of Hays, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The action was one to vacate a judgment rendered at a previous term of the court on the ground that the appellee was prevented by unavoidable casualty or misfortune from defending. The action in which the original judgment was rendered was an appeal from the probate court and was not reached at the regular September, 1919, term. An adjournment of court was taken, subject to the call of the judge, no date being fixed. On November 14, the judge returned to Ellis county and held court for one day trying a contested case and transacting some other business. On the same day and without notice to the appellee or his attorney, and while the attorney was at Kansas City engaged in the trial of an action in the Wyandotte county district court, the case in which the appellee was a defendant was called and judgment rendered in favor of the appellants. The petition alleged facts showing that the appellee has a valid defense to the original action. A demurrer to his evidence was overruled. The appellants elected to stand upon the demurrer and the court vacated the judgment.

Considerable space is taken up in the appellants' brief in an attempt to argue the merits of the original action which we do not regard as pertinent to the issue here. There was, in our opinion, ample evidence to sustain the judgment vacat-

Moore v. Zeman.

ing the original judgment and therefore there is no merit in the contention that the demurrer should have been sustained.

A further contention is that the judgment is erroneous because the trial court made no finding that the appellee had a valid defense to the original action. In proceedings to vacate or modify a judgment, whether by motion at the same term or by an original action at a subsequent term, there are always two questions to be determined. Section 601 of the code provides:

"The court shall first try and decide upon the grounds to vacate or modify a judgment or order before trying or deciding upon the validity of the defense or cause of action." (Gen. Stat. 1915, § 7505.)

Section 602 declares that the judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense or valid cause of action. But there is no statutory provision requiring the court to make separate findings of fact, and it does not appear that there was a request for findings in the present case. The same proposition was urged in *Spottsville v. Cement Co.*, 94 Kan. 258, 146 Pac. 356, but it was held that a general finding of the trial court upon argument and consideration, holding that the judgment should be set aside, implies an adjudication that there was a valid defense. There was a general finding of facts in favor of the appellee. We are unable to discover any ground for a claim that error was committed in setting aside the judgment and granting a new trial.

The judgment is affirmed.