No. 31,407

N. E. ROYSE, *Appellee*, v. J. D. GRAGE, *Appellant*.

(28 P. 2d 732.)

Opinion filed January 27, 1934.

*Arnold C. Todd, Julian E. Ralston* and *Ralph Gore*, all of Wichita, for the appellant.

*John B. Bryant*, of Wichita, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to recover damages for malpractice. Judgment was for plaintiff. Defendant appeals.

The pertinent part of plaintiff's petition reads as follows:

"That at all times herein mentioned defendant was and now is a practicing physician and surgeon in the city of Wichita, Kansas.

"That on or about the 22d day of June, 1931, plaintiff, by reason of a severe fall, had broken, dislocated, bruised and injured her right arm, shoulder and collar bone, and that on said date and for several days thereafter the said defendant, as such physician and surgeon, undertook faithfully, successfully and diligently to set, and endeavored to cure and heal said arm, shoulder and collar bone. That said defendant conducted himself in and about his endeavoring to set and heal said arm, shoulder and collar bone, and in and about curing the same, so unsuccessfully, negligently and unprofessionally that by reason of the improper treatment and unskillful and negligent conduct of the defendant, said arm and shoulder were not set or healed and cured for such a period of time until it became impossible to properly set and cure the same. That by reason of the premises plaintiff has permanently lost the partial use of said arm and shoulder, has paid and incurred medical bills amounting to more than $300, and suffered great bodily injury, pain and mental anguish, to her damage in the sum of $10,000."

This petition was filed December 6, 1932. No answer was filed. On March 23, 1933, judgment by default was rendered in favor of plaintiff. Plaintiff was the sole witness in her own behalf. She testified as to the injury and that defendant treated her, and that it later developed her shoulder had been broken and defendant had not discovered this, and had not treated her for it. She testified that defendant took an X-ray picture of her wrist, but not of her shoulder, and when she complained of her shoulder defendant said, "Mother, you just imagine it. It is just a bruised muscle." She testified that on account of the fracture of the shoulder being neglected, gristle had formed around the bone, preventing it from being properly set, and that this was the cause of her condition. She testified as to her condition at the time of the trial. Within a short time after the rendition of the judgment defendant filed a motion to vacate on the grounds: First, that it was void because the petition upon which the judgment was rendered did not state facts sufficient to constitute a cause of action; and second, that the judgment was void because plaintiff was the sole witness to testify on her behalf, and as a matter of law it is necessary in order to establish malpractice on the part of a surgeon that a physician or

surgeon skilled in the same scientific methods of treatment must testify that the treatment of which complaint is made was negligent and unprofessional as measured by the general standards of practice in the particular community.

This motion was overruled. Defendant appeals from the order overruling this motion and also from the judgment.

The theory of defendant as to the first ground for his motion is that the petition did not state any act or acts which constituted negligence, but simply stated that the defendant was negligent and that plaintiff was injured. He relies upon the authorities which hold that in cases where it is sought to recover for fraud, the facts constituting the fraud must be alleged.

In all the cases cited, however, the question of the sufficiency of the petition was brought to the attention of the court at some time before or during the course of the trial.

Here the petition contained allegations sufficient to constitute a *prima facie* cause of action, and defendant stood by and failed to challenge the sufficiency of the allegations of the petition in any way until the motion to vacate the judgment was filed. Then it was too late. See Freeman on Judgments, p. 436. There it is said:

"Defects or insufficiency of pleadings must be questioned or objected to in proceedings appropriate for that purpose, and cannot be made the basis of an attack upon the judgment by motion to vacate it after the term. A judgment will not be set aside merely on the ground that the complaint does not state a cause of action, since this alone does not render the judgment void, and any error of the court in this matter must be reviewed in proceedings appropriate for that purpose."

The argument that there was not sufficient evidence upon which to base a judgment is also untenable. We are not called on to decide what would have been the result had this evidence been challenged by a demurrer to the evidence or by conflicting evidence. Here defendant did not see fit to challenge this evidence at the trial. A party may not stand by and permit a case to be made against him and later challenge the sufficiency of the evidence in a motion to vacate the judgment. To so hold would mean that a default judgment never would be of any standing. There must be an end to litigation some time. R. S. 60-3109 provides as follows:

"If the taking of an account, or the proof of a fact or the assessment of damages be necessary to enable the court to pronounce judgment upon a failure to answer, or after a decision of an issue of law, the court may, with the assent of the party not in default, take the account, hear the proof, or

assess the damages; or may with the like assent refer the same to a referee or master commissioner, or may direct the same to be ascertained or assessed by a jury. If a jury be ordered, it shall be on or after the day on which the action is set for trial."

We hold that the trial court acted pursuant to that statute. Under these circumstances the evidence that defendant took an X-ray picture of plaintiff's wrist and neglected to take one of her shoulder, which she insisted was paining her, and which later turned out to be broken and the cause of plaintiff's damages, is sufficient to sustain the judgment.

Defendant argues that even should it be held that the motion to vacate was properly overruled, still the judgment was erroneous in the first instance and should be reversed. What we have said about the motion is equally applicable to this argument.

The judgment of the trial court is affirmed.

HUTCHISON, J., not sitting.