No. 41,096

J. J. McCaslin, Jr., *Appellee*, v. Irene Busch, *Appellant*.

(332 P. 2d 256)

Opinion filed December 6, 1958.

*Harold H. Malone*, of Wichita, argued the cause, and *Dean Matthew* and *Hal B. Malone*, both of Wichita, were with him on the briefs for the appellant.

*Pat Warnick*, of Wichita, argued the cause, and *Roy L. Rogers* and *Alan B. Phares*, both of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Price, J.: At the time of oral argument on this appeal counsel for both parties stated that the record is "somewhat confusing." We wholeheartedly concur in that statement! In fact, the record presented is so confused that it is very difficult to ascertain just what transpired in each of the three divisions of the district court which, at one time or another, made certain rulings in the matter.

Nevertheless, we will attempt to unscramble such portions of the "record" as will indicate the over-all picture and the basis of our decision.

The action was one for damages and was filed on July 11, 1955. Resident service of summons on defendant was made on July 16, 1955. Apparently nothing further was done until January 20, 1956, when plaintiff filed a motion "for judgment on the pleadings." This motion was taken up on January 30, 1956, was sustained, and judgment entered for plaintiff in the amount of $1,147.95. On March 30, 1956, notwithstanding that judgment already had been entered, defendant filed a motion for additional time to plead. This motion was sustained by the judge of a division other than the division in which the judgment had been rendered. Ten days later plaintiff moved to set aside the last-mentioned order. On April 10th and 12th, 1956, defendant filed demurrers to plaintiff's petition. Plaintiff moved to strike them. On April 20, 1956, defendant filed a motion to vacate and set aside the judgment of January 30, 1956, on the ground of irregularity in obtaining it. On April 30, 1956, the court set aside the order granting to defendant additional time to plead, struck the demurrers, and denied defendant's motion to vacate and set aside the judgment.

The foregoing is gleaned from a journal entry covering the proceedings which, incidentally, was not filed until November 5, 1956.

No appeal was taken from any of the above rulings.

The next step appears to be that on October 25, 1957, defendant, by her present counsel, filed another motion to vacate and set aside the judgment of January 30, 1956, on the ground of irregularity, alleging, among other things, that it was entered without the introduction of evidence by plaintiff.

On November 4, 1957, this motion was heard by the judge of a division other than the one in which the judgment of January 30, 1956, had been rendered. All parties were present, evidence was taken, and on the same date, November 4, 1957, the motion to set aside the judgment was sustained and defendant was granted five days within which to answer. Defendant filed an answer and cross-petition the next day.

On November 13, 1957, this ruling was set aside by the court on its own motion, and the record of the hearing of November 4, 1957, was ordered stricken from the files.

It then appears that by some manner or other, not disclosed by the record, defendant sought still another hearing and ruling on her motion to vacate and set aside the judgment of January 30, 1956, in the same division of the district court in which the judgment had

been rendered. A hearing was held in that division on December 18, 1957, at which time defendant's evidence was substantially the same as that introduced at the previous hearing of November 4, 1957. On January 2, 1958, the motion to vacate and set aside the judgment of January 30, 1956, was again denied.

On January 22, 1958, defendant appealed from the order of November 13, 1957, and from the order of January 2, 1958, and specifies as error the two rulings in question.

There are several reasons why the appeal must be dismissed.

The judgment in question was rendered on January 30, 1956. On April 30, 1956, defendant's motion to vacate and set it aside on the ground of irregularity was denied. No appeal was ever taken from that ruling and it became final.

Assuming, solely for the sake of argument, that defendant was within her rights when, on October 25, 1957, she filed another motion to set aside the judgment, the effect of the ruling of November 13, 1957, was to deny such motion, and the appeal from that ruling was not filed until January 22, 1958, which was too late under G. S. 1949, 60-3309, which provides that an appeal shall be perfected within two months from the date of the judgment or order from which the appeal is taken.

The hearing had on December 18, 1957, and the order entered pursuant thereto on January 2, 1958, amounted to nothing more than a "rehash," so to speak, of the matter already litigated and decided— that is, the motion to vacate and set aside the judgment of January 30, 1956. The rulings of April 30, 1956, and of November 13, 1957, had become final prior to the taking of the appeal, and defendant is not permitted to circumvent the appeal statute by taking another "shot" at the same question that twice previously had been decided adversely to her. The purported appeal from the ruling of January 2, 1958, is of no effect.

The appeal is dismissed.