No. 41,424

CHARLES BECKER, *Appellee*, v. HAROLD ROOTHE, *Appellant*.

(339 P. 2d 292)

Opin-
ion filed May 16, 1959.

*Jack O. Bowker,* of McPherson, argued the cause and was on the brief for appellant.

*Russ B. Anderson,* of McPherson, argued the cause and *Archie T. MacDonald,* also of McPherson, was with him on the brief for appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal from an order of the trial court refusing to open a default judgment on the ground that it was irregularly obtained.

An action for damages as a result of an intersection collision was filed on May 23, 1958. The defendant was personally served on May 27, 1958, and on June 24, 1958, one day after the answer was due, a motion for judgment on the pleadings was filed and a default judgment taken against the defendant in the total amount requested, $379.28 and costs. A praecipe for execution was filed October 6, 1958, the opening day of the following term, and on November 1, 1958, application to open the default judgment was filed by the defendant in the form of a motion stating that he had a meritorious defense to the plaintiff's cause of action. A full answer was attached and filed with the application. At the hearing on the application it was *stipulated* by counsel that *no evidence as to the*

*amount of damages was introduced at the time default judgment was taken.* The trial court overruled the application to open the judgment on November 14, 1958, after hearing argument of counsel. It refused to admit or consider evidence tendered as to the amount of damages or the validity of the defense. Appeal was duly perfected from this order.

Two questions are presented:

"(1) Was there an irregularity in obtaining judgment on default, there being no evidence introduced as to damages?

"(2) Was defendant entitled to offer proof of the validity of his defense as a requisite to obtaining a trial upon the merits?"

G. S. 1949, 60-748, insofar as material herein, provides:

"Every material allegation of the petition not controverted by the answer, . . . shall for the purposes of the action be taken as true; . . . *Allegations of value, or of amount of damages, shall not be considered as true by failure to controvert them;* but this shall not apply to the amount claimed in actions on contract, express or implied, for the recovery of money only." (Emphasis added.)

It was not until amendment in 1868 that the above statute was made inapplicable to actions on contract for the recovery of money by the addition of the last clause thereto. Prior to this time allegations as to the amount of damages were subject to proof on default in all actions. Early cases in which the foregoing statute was considered concerning proof of damages upon default by the defendant are *Ames v. Brinsden,* 25 Kan. 746; *U. P. Rly. Co. v. Pillsbury,* 29 Kan. 652; and *Cole v. Hoeburg,* 36 Kan. 263, 13 Pac. 275.

The defendant made default, and by his default admitted that everything stated in the petition was true, except the amount of damages. He admitted the plaintiff had a cause of action against him for some amount, ranging from a nominal sum up to $379.38. Defendant admitted that plaintiff ought to recover some amount from him, but the exact amount he did not admit. The amount of damages remained for the plaintiff to prove. Not having introduced any evidence at the time judgment was rendered, the judgment should have been entered for nominal damages only. The court, however, inadvertently and erroneously rendered judgment for the plaintiff and against the defendant for the total amount requested, $379.38, without any evidence having been introduced to show the amount of damages sustained.

G. S. 1949, 60-3109, provides:

"*If* the taking of an account, or the proof of a fact, or *the assessment of damages be necessary to enable the court to pronounce judgment upon a*

*failure to answer,* or after a decision of an issue of law, *the court may,* [1] with the assent of the party not in default, take the account, hear the proof, or assess the damages; or [2] may with the like assent refer the same to a referee or master commissioner, or [3] may direct the same to be ascertained or assessed by a jury. If a jury be ordered, it shall be on or after the day on which the action is set for trial." (Emphasis added.)

It is mandatory under the foregoing statute that the plaintiff prove the amount of his damages. (*Oil Co. v. Forrester,* 79 Kan. 610, 100 Pac. 512.) The applicable portion of the above statute to the facts presently before the court has been italicized, and the trial court should have proceeded under one of the three alternative provisions to assess the amount of damages before entering the default judgment. (See *Royse v. Grage,* 138 Kan. 779, 28 P. 2d 732.)

At common law in an action at law where the defendant failed to appear or answer, the judgment may have been either interlocutory or final. If the amount to which the plaintiff was entitled was liquidated, judgment was given immediately for that amount. If, however, the amount was unliquidated, judgment was given that the plaintiff recover his damages to be assessed. The next step was the issuance of a writ of inquiry directing that a jury be summoned to ascertain the amount of damages due to the plaintiff, but the sheriff, and not the judge, presided over the jury in its task of ascertaining the damages. The common law was summarized in *Raymond v. Danbury & Norwalk R. R. Co.,* 43 Conn. 596, as follows:

"In 1765, the date of the publication of the first volume of Blackstone's Commentaries, the practice had become settled that upon a default damages should be assessed upon a writ of inquiry by a sheriff's jury, but 'a practice was established in the courts of King's Bench and Common Pleas, in actions where judgment is recovered by default upon a bill of exchange, or a promissory note, to refer it to the master or prothonotary, to ascertain what is due for principal, interest and costs, whose report supersedes the necessity of a writ of inquiry.' 3 Black. Com., note on p. 397. In 1848, before the enactment of the statute of 15 and 16 VICT., in regard to the ascertainment of damages by a master in actions of contract, it is said, in *Whitaker v. Harold,* an action of covenant, 12 Jurist, 395, that the court of Queen's Bench had the power to assess damages on demurrer or default without the intervention of a jury.

"The assessment of damages by a jury in actions of tort was however a matter of practice and not of right. Chief Justice Wilmot held in 1770, as had been previously declared in 1764, that a writ of inquiry, in an action of tort, is an inquest of office, to inform the conscience of the court, which could itself have assessed the damages, without any inquest. *Beardmore v. Carrington,* 2 Wils., 244; *Bruce v. Rawlins,* 3 Wils., 61; 2 Finlason's Reeves's History of English Law, 610." (p. 598.)

The provisions of 60-748, *supra,* and of 60-3109, *supra,* are in substance merely a codification of the common law.

In the instant case we are concerned with a final judgment entered by default which was not set aside or vacated at the same term at which it was rendered. The application to open the judgment was first made at a subsequent term. It is clear the trial court had jurisdiction of the subject matter of the action (damages arising from an automobile collision in McPherson County) and over the parties by reason of personal service upon the defendant in McPherson County. Thus, having jurisdiction, the judgment was not void, however irregular or erroneous some of the court's proceedings may be, or voidable the judgment might be. (*Meixell v. Kirkpatrick,* 28 Kan. 315.)

In *Griggs v. Hanson,* 86 Kan. 632, 121 Pac. 1094, it was said:

". . . Since the court had jurisdiction of the parties and of the subject matter it is hornbook law that, however wrong the result of the proceeding may be, missteps occurring in the course of it constitute irregularities and errors in procedure only, and they can not be conjured into anything graver by the use of impressive and high sounding characterizations." (p. 636.)

It has been held where the defendant fails to appear or answer and the plaintiff seeks unliquidated damages, as here, an entry of judgment on default, without any evidence having been introduced to show the amount of damages sustained, *is irregular and voidable.* (*Ames v. Brinsden,* supra.) While it is true the action in the *Ames* case (decided after the 1868 amendment reflected in G. S. 1949, 60-748) was for a breach of promise of marriage, and the court later in *Cole v. Hoeburg,* supra, held such action to require no proof of damages where the defendant defaults, it being an action on contract, the procedural principle of law for which the *Ames* case is cited remains sound law. The decision in *Oil Co. v. Forrester,* supra, bolsters this conclusion. There the defendant *appealed* from a judgment entered against him in default of an answer, where the only question presented to the court was whether there was evidence to sustain the judgment as to the actual damages. The evidence as to damage was reviewed by the court and held insufficient to show actual damages. It was said the judgment "can not be sustained" and the court reversed the judgment and remanded the cause for further proceedings.

The judgment, not being void, could not be vacated at any time on motion of a party or any person affected thereby pursuant to

G. S. 1949, 60-3009. (See *Taylor v. Focks Drilling & Mfg. Corp.*, 144 Kan. 626, 62 P. 2d 903.)

The applicable statutory sections material for our consideration in vacating a voidable judgment after the term at which it was entered, on the ground of irregularity in obtaining such judgment, insofar as pertinent to the issues herein, read:

G. S. 1949, 60-3007:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made:

. . . . . . . . . . . . .

"*Third.* For mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order."

G. S. 1949, 60-3010:

"The proceedings to correct mistakes or omissions of the clerk, or irregularity in obtaining a judgment or order, shall be by motion, upon reasonable notice to the adverse party or his attorney in the action. . . ."

G. S. 1949, 60-3012:

"The court shall first try and decide upon the grounds to vacate or modify a judgment or order before trying or deciding upon the validity of the defense or cause of action."

G. S. 1949, 60-3013:

"A judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action on which the judgment is rendered; or if the plaintiff seeks its vacation, that there is a valid cause of action; and where a judgment is modified, all liens and securities obtained under it shall be preserved to the modified judgment."

The foregoing sections of the statute were construed in 1881 in *Meixell v. Kirkpatrick*, 25 Kan. 13, where a motion was filed to set aside and vacate a default judgment on the ground of irregularity, which we note by reference to the briefs on file in the state library was not for failure to take evidence as to the amount of damages. The correct practice in such cases was said to be as follows:

". . . When the court, on the hearing of a motion to vacate a judgment under subdivision third of § 568 of the civil code, becomes satisfied that such judgment was obtained irregularly within the meaning of said subdivision, and therefore that the party making the motion is entitled to have an opportunity to show that he has a good cause of action or defense, as the case may be, the court should then vacate the judgment; but generally, however, upon the condition that the moving party shall first make such showing. And after the judgment has thus been vacated, and after the issues are all made up by filing the proper pleadings, as in other cases, (provided they have not already been filed,) the case must be tried upon such issues in the same manner as though no judgment had ever been rendered in the case; and after the trial and the decision of the court, or the report of the referee, or the verdict of the jury,

(as the case may be,) the court must then vacate the judgment absolutely, or modify it in some respects, or wholly affirm it, as such decision of the court, or report of the referee, or verdict of the jury will warrant; and the judgment or order rendered on this trial is final, unless set aside as other final judgments are set aside. The reason for not vacating the original judgment absolutely in the first instance is, for the purpose that all rights, priorities and liens obtained by virtue of the original judgment may be preserved until it is ascertained whether the party in favor of whom the original judgment was rendered is, in fact and upon the merits, entitled to such a judgment, or to a similar judgment, and if he is, then all rights, priorities and liens obtained by virtue of the original judgment are preserved to him, so far as his final judgment will sustain and uphold the same. Of course all pleadings filed in cases of this kind are subject to all the objections that may be urged against like pleadings in other cases." (pp. 17, 18.)

We have been cited to no cases, nor does our research disclose any, in which this court has departed from the broad confines of the foregoing construction of these sections of the code of civil procedure.

Appellee argues that the district court is given discretionary power to correct injustices after the expiration of the term, to be exercised when and if he deemed the exercise of this power advisable under 60-3007, *supra.* He argues it is hardly conceivable that the legislature intended that a district court should be required to vacate a judgment after term because of some slight "irregularity." Reference by the appellee to the term "may" in the headnote to 60-3007, *supra,* we pause to note, is no part of the statute.

This section of the statute, 60-3007, *supra,* gives the district court judicial power to determine the matters specified in the statute. If it could be said the district court in a given situation under this section has judicial power of discretion, it certainly is granted no arbitrary powers.

It is said in the instant case the trial court proceeded under 60-3012, *supra,* to first decide upon the grounds to vacate the judgment. The existence of a ground to vacate or modify a judgment must first be established. This is illustrated in *List v. Jockheck,* 45 Kan. 349, 27 Pac. 184, rehearing denied in 45 Kan. 748, 27 Pac. 184. In proceedings to vacate a judgment on the ground of fraud it has been held that legal evidence is required to establish the fraud. (*Fullenwider v. Ewing,* 30 Kan. 15, 1 Pac. 300.) In *Scott v. Johnson et al.,* 115 Kan. 661, 224 Pac. 41, it was said:

". . . The petition to vacate must disclose both fraud and a defense. The issue of fraud is first tried and decided, and after the validity of the de-

fense is adjudicated. Until conduct of the prevailing party has been established which inhibited fair submission and determination of the main controversy, it is not material that judgment might have been prevented if a defense had been made . . ." (p. 665.)

An irregularity has been defined as the failure to observe that particular course of proceeding which, conformable with the practice of the court, ought to have been observed in the case. (*Griggs v. Hanson,* supra.) An "irregularity" within the meaning of G. S. 1949, 60-3007, *Third,* authorizing vacation of a judgment for irregularity in obtaining it, is the want of adherence to some prescribed rule or mode of procedure, and consists either in omitting to do something that is necessary for the due and orderly conduct of a suit, or doing it in an unreasonable time or improper manner. (*Dearborn Motors Credit Corporation v. Neel,* 181 Kan. 598, 313 P. 2d 243; and *Babb v. City of Wichita,* 172 Kan. 416, 241 P. 2d 755.)

Upon the foregoing sections of the code of civil procedure and decisions relating thereto, failure to introduce evidence as to the amount of damages in a tort action at the time default judgment was taken is an *irregularity* under G. S. 1949, 60-3007, *Third.* In the instant case the facts necessary to determine whether an irregularity had been established were stipulated by the parties. There was no factual determination for the trial court to make. The parties stipulated that no evidence was presented as to the amount of damages at the time the default judgment was entered. The trial court had no alternative except to recognize that an irregularity had been established under the applicable sections of the code of civil procedure as construed by this court. Under these circumstances the trial court's order overruling the appellant's application to open the default judgment, after refusing to admit or consider evidence tendered as to the amount of damages or the validity of the defense, was simply an *arbitrary* decision and thus erroneous.

Was the defendant (appellant) entitled to offer proof of the validity of his defense as a requisite to obtaining a trial upon the merits?

The provisions of 60-3007 and 60-3013, *supra,* must be construed together. The court should not vacate a judgment on an application made under 60-3007, *Third,* supra, until the party applying therefor, if he be the defendant, shall have set up a defense to the action, as provided in 60-3013, *supra.* (*Schuler v. Fowler,* 63 Kan. 98, 64 Pac. 1035.)

In *Griggs v. Hanson,* supra, it was said:

"The judgment rendered against the defendant not being void, he had no right to have it vacated on motion until he made a showing upon which the court could adjudge that he has a valid defense to the cause of action on which the judgment was rendered. (Civ. Code, § 602.) . . ." (p. 639.)

A ruling to the same effect is *Kackley State Bank v. Nichols,* 162 Kan. 648, 179 P. 2d 186; and see *Ames v. Brinsden,* supra, and *Moore v. Zeman,* 109 Kan. 566, 200 Pac. 270.

The defendant below did all that he was required to do pursuant to the foregoing statutes. He attached a full answer to his motion alleging that he had a valid defense to the plaintiff's cause of action. The trial court, however, refused to admit or consider evidence as to the amount of damages or the validity of the defense alleged in hearing the defendant's application to vacate and set aside the judgment.

The appellee relies on *McCaslin v. Busch,* 183 Kan. 755, 332 P. 2d 256, in which a default judgment was entered in a damage action without the introduction of evidence as to the amount of damages. The defendant filed a motion to vacate and set aside the default judgment on the ground of irregularity in obtaining it. The motion was denied. *No appeal was taken from this order.* Subsequent motions attacking the judgment all met with failure.

The distinguishing feature in the *McCaslin* case is the failure to appeal from the order of the trial court. While the decision of the trial court on the first motion attacking the default judgment was erroneous, the trial court had jurisdiction over the subject matter and the parties and thus power to enter an erroneous decision as well as a correct decision. Upon failure to appeal from the order overruling the motion such order became final. (See *Griggs v. Hanson,* supra.) In the instant case the defendant has taken an appeal from the order overruling his motion to set aside and vacate the judgment.

The factual situation indicated in the case of *Ames v. Brinsden,* supra, is closely analogous. That was an action for breach of promise of marriage. The defendant was in default and the court rendered judgment for the amount claimed without any evidence being introduced. At a later term the defendant moved to have the judgment set aside on account of the irregularity. The motion was allowed and appeal to this court followed. This court held the judgment should have been set aside only conditionally, giving the plaintiff an opportunity to introduce evidence, and the judgment

should then have been set aside, modified or affirmed in accordance with the evidence. There, however, the only ground for the motion to set aside and vacate the judgment was the technical ground that the judgment was irregularly obtained. No allegation or pretense was made that the defendant had any valid defense or any partial defense to the plaintiff's action. No showing or pretense was made that the amount of the judgment was too great. The court there said:

". . . The proper course in the present case for the defendant to have pursued was to have filed an affidavit with his motion, stating and showing in his affidavit that the plaintiff was not damaged to the amount of $2,000, and asking that the case be set down for a hearing upon the evidence, so that it might be shown that she was not damaged to that amount. The court should then have ordered that the case be so set down for a hearing upon the evidence, and accompanied this with the further order that unless the plaintiff should introduce her evidence and make a showing that she was damaged to the amount of $2,000, that the judgment should be vacated, or at least modified so as to correspond with the evidence. A hearing should then have been had, and judgment should have been rendered in accordance with the evidence introduced on the hearing. Or, to be more exact, the original judgment rendered in the case should, upon such hearing, have been affirmed, or vacated, or modified so as to correspond with the evidence introduced on the hearing . . ." (p. 750.)

In the case before us the irregularity was established by stipulation and the appellant made proper application to open the judgment within three years as required by G. S. 1949, 60-3008. The trial court at the hearing on the motion should have permitted the appellant to make a showing, by evidence, that the appellee was not damaged to the extent of $379.28. Upon proper showing by the appellant, the trial court should then conditionally vacate the judgment and order the case set down for hearing upon the evidence as to the amount of damages, with the further order that unless the appellee (plaintiff) should introduce his evidence and make a showing that he was damaged to the amount of $379.28, as to which damages the appellant is entitled to defend, the judgment should be vacated, or at least modified in accordance with the evidence.

In other words, the trial court under the circumstances here presented must look to the nature of the irregularity, after proper showing of a defense has been made at the hearing on the motion to vacate the judgment, to determine what the appellant is entitled to defend. The only issue giving rise to the irregularity was failure

of the plaintiff below to prove the amount of damages. By his failure to answer the defendant below admitted everything in the petition except the amount of damages. Therefore, it is only upon the issue of damages that appellant is entitled to defend.

It has been said that a party who is summoned in a course of a regular judicial proceeding, either personally or by publication, in a court having jurisdiction, will have his day in court, and must appear and take the proper steps to protect his interests within the time allowed for that purpose. Opportunity may not knock again at his door. (*Brenholts v. Miller*, 80 Kan. 185, 186, 101 Pac. 998.)

We hold upon the facts and circumstances here presented that the appellant is not entitled to offer proof of the validity of his defense as a requisite to obtaining a trial upon the merits, but may show only proof of his defense as to the amount of damages as a requisite to obtaining a trial on the issue of damages.

We therefore conclude that the trial court erred in denying appellant's application to vacate and set aside the judgment and in refusing to hear evidence concerning appellant's defense as to the amount of damages. The judgment of the trial court is reversed with directions to proceed in accordance with the views herein expressed.

Robb, J., concurs in the result.

Schroeder, J. (dissenting in part): I respectfully dissent from the portion of the foregoing opinion which limits the defendant in his defense.

In my opinion the defendant on the hearing of the motion to vacate the judgment should have been permitted to show that he had a valid defense to the cause of action on its merit. Upon proper showing the trial court should then have conditionally vacated the judgment and ordered issues upon the merits made up by the filing of proper pleadings (provided they were not already filed). Thereupon the case should have been tried upon such issues in the same manner as though no judgment had ever been rendered in the case, following the procedure outlined in *Meixell v. Kirkpatrick*, 25 Kan. 13, which was decided on an *irregularity* under G. S. 1949, 60-3007, *Third.*

To hold otherwise ignores the specific provisions of G. S. 1949, 60-3013, which in part provide: "A judgment shall not be vacated *on motion* . . . until it is adjudged that there is a *valid defense*

*to the action* on which the judgment is rendered; . . ." (Emphasis added.) In my opinion this statute does not permit the subjective approach to the nature of the ground which permits vacation of a judgment after term. Once the ground is satisfactorily determined by the trial court on an objective basis, the provisions of 60-3013, *supra,* apply with full force. Defense to the *action* cannot be construed as a defense to some lesser issue embraced within the action. No distinction has ever been made by this court heretofore as illustrated by all the decisions cited in the opinion for the court.

Justice Valentine, speaking for the court in *Ames v. Brinsden,* 25 Kan. 746, undertook masterfully to clarify the procedure under circumstances and facts presented in the instant case. While it is true that some of the statements made in the opinion are dictum the opinion fully covers the situation here presented. On the point here in question, though dictum, the following was said:

". . . If, however, the defendant had wished to make a full defense to the action, it would have been necessary for him to make the same showing that would be required to be made in other cases, to authorize the court to set aside his default and permit him to answer. The defendant, however, did not make any such showing in this case; he did not pretend that he had any defense to the action; he did not pretend that the amount of the judgment could be reduced if the case was tried upon its merits. He simply asked that the judgment should be set aside and vacated, and did not ask for or suggest anything further; . . ." (p. 750.)

In my opinion the foregoing is the proper procedure.

It is only proper that a party who takes a default judgment through some irregularity should be subjected to the penalty which forces him to present the case fully on the merits after timely application is made to vacate the judgment pursuant to the code of civil procedure. This would command orderly procedure in the courts and tend to foster respect for the law.

PRICE, J., joins in the foregoing dissenting opinion.