No. 43,134

Eureka Federal Savings and Loan Association, a corporation, *Appellee,* v. Jesse J. Long and Flora C. Long, his wife, *Appellants.*

(380 P. 2d 439)

Opinion filed April 6, 1963.

*Roscoe W. Graves,* of Emporia, argued the cause and was on the brief for the appellants.

*Karl W. Masoner,* of Cottonwood Falls, argued the cause, and *Edward E. Pedroja,* of Eureka, was with him on the brief for the appellee.

The opinion of the court was delivered by

Schroeder, J.: This is an appeal from an order of the trial court refusing to open a default judgment on the ground that it was irregularly obtained.

The primary question is whether the default judgment foreclosing two mortgages and setting the period of redemption at six months was irregularly obtained.

The appellants contend the mortgages were not purchase money mortgages, and that the redemption period should have been fixed at eighteen months. This is the extent to which the appellants seek to have the foreclosure judgment modified.

In December, 1956, Jesse J. Long and his wife (defendants-appellants) borrowed $27,500 from the Eureka Federal Savings and Loan Association, a corporation (plaintiff-appellee) to construct a motel in Cottonwood Falls, Kansas. Two notes were given by the Longs to cover the loan, and each note was secured by a real estate mortgage. The Longs defaulted in the repayment of the loan and the savings and loan association foreclosed its mortgages and bid in the mortgaged property at sheriff's sale on November 6,

1961. Both mortgages contained the following provision which was printed in the body of the mortgage:

"It is further agreed by the parties of the first part and the Eureka Federal Savings and Loan Association, Eureka, Kansas, that this is a purchase price mortgage."

When the foreclosure petition was filed in the district court of Chase County, Kansas, the Longs were personally served with summons, but they failed to answer or appear in the action. Accordingly judgment was entered by default on the 29th day of September, 1961.

At the trial the mortgages, copies of which were attached to the petition and made a part thereof, were duly submitted to the court and merged in the judgment. The trial court found "said mortgages are purchase price mortgages," and fixed the period of redemption at six months from the date of sale.

The mortgaged property was sold on the 6th day of November, 1961, to the savings and loan association, and the sale was confirmed on the same day. A new term of court opened on the 7th day of November, 1961.

Thereafter on the 16th day of November, 1961, the Longs filed a motion to reopen and set aside the judgment of the trial court entered on the 29th day of September, 1961, insofar as it fixed the period of redemption at six months, and requested the trial court to enter an order fixing the period of redemption at eighteen months.

The motion alleged the mortgages foreclosed in the action were not purchase money mortgages; that the judgment was obtained by fraudulent representations of the savings and loan association to the court and was irregularly obtained as provided in G. S. 1949, 60-3007, *Third* and *Fourth*. The motion also recited that the judgment was obtained without the introduction of any evidence, and that no mention was made in the petition that the savings and loan association would request a reduction in the period of redemption.

The appellants in their reply brief concede that no fraud was involved and state that they so informed the trial court on the hearing of the motion. We are therefore confronted solely with an attempt on the part of the appellants to have the trial court modify the foreclosure judgment, fixing the period of redemption at six months, on the ground that it was irregularly obtained pursuant to the provisions of G. S. 1949, 60-3007, *Third*.

It must be noted the motion filed by the appellants on the 16th day of November, 1961, was after the term of court in which the foreclosure judgment was entered. It is settled law that when a mortgage on real property is foreclosed, and the property is sold and the sale confirmed, such confirmation is *res judicata* and becomes a final and binding judgment of the court, subject only to the right of appeal. It cannot be collaterally attacked after the time for appeal has passed and after the term of court has changed, except in accordance with the code of civil procedure. (G. S. 1949, 60-3007, *et seq.; National Reserve Life Ins. Co. v. Kemp*, 184 Kan. 648, 656, 339 P. 2d 368, and cases there cited.)

Here the appellants seek to reach through to the foreclosure judgment by an appeal from the order of the trial court overruling their motion to vacate the foreclosure judgment, and by an appeal from the foreclosure judgment entered more than two months prior thereto, on the force of G. S. 1959 Supp., 60-3314a. (See, *First National Bank of Topeka v. United Telephone Ass'n*, 187 Kan. 29, 353 P. 2d 963.)

It may be conceded the appellants are here on their appeal from the order overruling their motion to vacate the default judgment (G. S. 1949, 60-3303; and *New York Life Ins. Co. v. Slentz*, 145 Kan. 849, 67 P. 2d 522), but the provisions of 60-3314a, *supra*, under these circumstances, do not have the effect of opening up the foreclosure judgment to this court on appeal. The procedure to be followed in cases of this type was thoroughly discussed in *Becker v. Roothe*, 184 Kan. 830, 339 P. 2d 292, to which reference is made. Further discussion herein will proceed upon the assumption that the reader is familiar with this case.

Since the appellants' motion was framed to come within the provisions of 60-3007, *Third, supra*, the motion filed after the term in which the judgment was rendered is not addressed to the judicial discretion of the court. The appellants were required to establish "irregularity" as that term is used in the statute at the hearing on the motion.

An "irregularity," within the meaning of the foregoing section of the statute, authorizing vacation of a judgment for irregularity in obtaining it, is the want of adherence to some prescribed law or mode of procedure, and consists either in omitting to do something that is necessary for the due and orderly conduct of a suit, or doing it in an unreasonable time or improper manner. (*Dearborn Motors*

*Credit Corporation v. Neel,* 181 Kan. 598, 313 P. 2d 243; and *Becker v. Roothe,* supra.)

At the hearing in the trial court the appellants produced witnesses who testified in effect that the real property, described in the mortgage foreclosure petition and in the mortgages, had been deeded to the appellants in 1943 and paid for at that time. This was the extent of the appellants' evidence. This would indicate that the foreclosure judgment fixing the redemption period at six months may have been erroneous, but it does not establish irregularity.

The appellants' contention was that no evidence was presented to the trial court in the mortgage foreclosure proceedings is not substantiated by the record. The mortgages, copies of which were made a part of and incorporated in the petition, were presented to the trial court as evidence in the mortgage foreclosure proceedings. From these documents and the recitals in them the trial court determined the mortgages to be purchase money mortgages and fixed the period of redemption at six months.

By the provisions of G. S. 1949, 60-748, "Allegations of value, or of amount of damages, shall not be considered as true by failure to controvert them; but this shall not apply to the amount claimed in actions on contract, express or implied, for the recovery of money only." All other allegations which are uncontroverted are to be taken as true.

This was an action on contract and the recitals in the mortgages, alleged in the petition and disclosed in evidence, which were uncontroverted were sufficient to support the finding of the trial court. This does not establish irregularity in obtaining the foreclosure judgment.

Since the appellants failed to establish either fraud or irregularity, alleged in their motion, the trial court was correct in overruling the motion. Any further question as to the correctness of the foreclosure judgment could only have been raised by timely motion for a new trial or by timely motion, made within the term, addressed to the discretion of the trial court.

A case in point is *Home Owners Loan Corp. v. Holmberg,* 148 Kan. 50, 79 P. 2d 859. There after the term of court at which a judgment was rendered, and at which the sale was confirmed, the defendants filed a motion to modify the judgment. It was alleged the court erroneously fixed a shorter period for redemption than that allowed by the statute; that the allegations of the plaintiff's

petition to the effect that the defendants had paid less than one-third of the purchase price were inaccurate and misleading, and that the court acted on a misunderstanding of the facts, and alleged the facts to be that they had paid more than one-third of the purchase price; that the defendants permitted judgment to be taken by default because of a misapprehension as to what the allegations of the petition were, and upon their belief and understanding that the period of redemption would be eighteen months, and that they had not been advised that the period of redemption had been fixed at six months until after the term of court at which the judgment had been rendered. In the opinion the court said:

"The motion to modify the judgment because of alleged inaccuracies in the allegations of the petition on which the judgment was rendered, and because of defendants' alleged misunderstanding as to the allegations of the petition, is not one authorized by G. S. 1935, 60-3007, or by 60-3010, or by any other section of the code which has been called to our attention. The time for defendants to learn what the petition alleged was before judgment was taken upon it. They had ample opportunity to do so, since they were personally served with summons. The term of court having expired, the trial court had no judicial discretion in the matter aside from the provisions of the code. These considerations amply justified the ruling of the court denying the motion." (p. 52.)

Throughout the proceedings in the instant case the appellants' rights have not been legally prejudiced in any way by fraud, irregularity or wrongful advantage taken by the appellee. The appellants were served with summons and the service was in person. All of the proceedings were regular, and the court so found in its order confirming the sale of the real estate. The appellants, having been put on notice at the outset of the action, have no cause to complain now that the judgment was taken without their being present in court or represented by counsel. They are charged with notice of the content of the pleadings, including the provisions of the instruments sued upon, and with the nature of the relief sought.

It has been said that a party who is summoned in a course of a regular judicial proceeding, either personally or by publication, in a court having jurisdiction, will have his day in court, and must appear and take proper steps to protect his interests within the time allowed for that purpose. Opportunity may not knock again at his door. (*Brenholts v. Miller,* 80 Kan. 185, 186, 101 Pac. 998; and *Becker v. Roothe,* supra.)

The appellants contend the parties to a mortgage cannot reduce

the period of redemption by agreement, citing *Capitol B. & L. Ass'n v. Ross*, 134 Kan. 441, 7 P. 2d 86. This point is not here because the appellants failed to establish sufficient grounds to open the foreclosure judgment. (*Becker v. Roothe*, supra.)

The judgment of the lower court is affirmed.