No. 44,998

Carl E. Lewis, *Appellee*, v. Melvin E. Doan and Melvin E. Doan, Father and Natural Guardian and Next Friend of Loren W. Doan, a Minor, and Loren W. Doan, *Appellants*.

(439 P. 2d 131)

Opinion filed April 6, 1968.

*Wm. Arlen Spies*, of El Dorado, argued the cause, and *W. H. Coutts, Jr.*, also of El Dorado, was with him on the brief for the appellants.

*O. J. Connell, Jr.*, of El Dorado, and *Franklin D. Gaines*, of Augusta, for the appellee.

The opinion of the court was delivered by

Schroeder, J.: This is an appeal from an order of the district court of Butler County, Kansas, overruling the defendants' motion to vacate or modify a default judgment entered in an automobile negligence action wherein the plaintiff claimed damages in the sum of $2,000 for personal injuries and $745.77 for damage to his automobile.

The question presented on appeal is whether there was an irregularity in obtaining the default judgment.

On the 10th day of July, 1961, Loren W. Doan, then a minor, was driving an automobile which was involved in a collision with the automobile driven by the plaintiff.

On the 25th day of June, 1963, the plaintiff filed his petition in the district court of Butler County asserting a claim against the defendants, Loren W. Doan and Melvin E. Doan, his father (appellants), alleging that the accident was caused by certain acts of negligence on the part of Loren W. Doan which proximately caused plaintiff's damages. Other allegations of the petition charged the father with negligence.

At the time the petition was filed Loren W. Doan had reached

the age of majority and the service of summons upon him was regular in all respects.

After the answer day had passed, default judgment was taken against the defendants in the sum of $2,745.77 for damage to the plaintiff's person and property, as disclosed by the journal entry dated August 8, 1963.

On the 22nd day of August, 1963, the defendants by special appearance filed a motion to vacate and set aside the judgment on the ground that the same was absolutely void by reason of the fact that service of summons was legally defective. This motion was overruled by the trial court, and the appellants concede the ruling to be proper, Loren W. Doan having attained the age of majority prior to the service of summons upon him.

Thereafter on the 31st day of December, 1963, the defendants filed a verified motion to vacate or modify the default judgment entered against them. They attached to their motion a verified answer fully setting forth their defenses to the action. The motion was heard on the 27th day of January, 1964, and the trial court took the matter under advisement.

On the 22nd day of January, 1965, the principal counsel representing the appellants was fatally injured in an airplane accident. As a result no action was taken on the motion until the 21st day of December, 1966, at which time the court wrote a letter to counsel stating:

"In regard to the Lewis vs. Doan case, it has been my recollection that I made an order denying the motion to vacate or modify the judgment but that the same was never put in a written form. I have not changed my mind in regard to the order that I feel that I made, at that time, and am directing Mr. Gaines to prepare such an order denying the motion to modify or vacate."

The journal entry denying the motion to vacate and modify the judgment was prepared and filed on January 6, 1967, and appeal has been duly perfected.

The matters here presented, all having arisen prior to January 1, 1964, are controlled by the old code of civil procedure. The law on the point here presented was thoroughly considered and written in *Becker v. Roothe*, 184 Kan. 830, 339 P. 2d 292.

The appellants rely upon *Becker v. Roothe*, supra, for the proposition that the default judgment in the instant case was irregularly obtained by counsel for the appellee. It is to be noted in *Becker v. Roothe*, supra, the parties stipulated there was no evidence as to the amount of damages introduced at the time the default judgment

was taken. In the instant case the appellants argue "a token hearing was held which appellants vigorously contend completely failed to prove the amount of damages, if any, suffered by the appellee."

The record herein discloses that Carl E. Lewis (plaintiff-appellee) testified prior to the entry of the default judgment that he was proceeding west on Central Avenue in the city of El Dorado intending to turn at the corner of Arthur Street; that there was an automobile immediately in front of him which had a left turn signal on and the vehicle was stopped; that it was necessary for him to stop behind this vehicle. He then testified: "The next thing I got hit and he knocked me into the guy in front."

He further testified that as a result of the accident it was necessary for him to go to a doctor; that he incurred medical expense as a result of the accident; that he was still having trouble with his neck and back as a result of the accident, and requested the sum of $2,000 to pay for his hospital and medical expenses along with the pain and suffering which he sustained as a result of the accident. He further testified that his automobile was not destroyed but was materially damaged in the sum of $795 ($50 more than the alleged damage to his automobile) for which he was seeking recovery.

Upon the foregoing testimony the default judgment heretofore indicated was entered.

It is the appellants' contention the foregoing testimony given by the plaintiff does not indicate that the damages for his personal injuries were $2,000, but that as a result of the injuries he was *requesting* the sum of $2,000 to pay for his hospital and medical expenses, along with the pain and suffering which he had as a result of the accident.

The point is rather technical, and upon the entire record presented it is our considered opinion the evidence was sufficient to sustain the default judgment entered by the trial court as to the amount of damages sustained by the plaintiff

The judgment of the lower court is affirmed.