**JOE HODGES TRANSPORTATION CORPORATION, a corporation, Plaintiff in Error,**

**v.**

**Archie Doyal COFFMAN, d/b/a Day & Nite TV, Defendant in Error.**

**No. 42313.**

Supreme Court of Oklahoma.

Feb. 10, 1970.

Johnston & Johnston, Oklahoma City, for plaintiff in error.

Hal L. Grider, Altus, for defendant in error.

BLACKBIRD, Justice.

This is an appeal from an order sustaining the demurrer of the defendant in error to the petition of plaintiff in error to vacate a judgment of the above named County Court, hereinafter referred to as the "lower court".

The judgment was entered by said court in its Case No. 881, entitled "Archie Doyal Coffman, d/b/a Day & Nite TV, Plaintiff, vs. Joe Hodges Transportation Corporation, a Corporation, Defendant", on December 27, 1965. It awarded said plaintiff recovery of the total sum of $510.00, with interest (on the two different amounts included in said total), against said defendant, after finding that the defendant, though served with summons, had filed no pleading in the case, and was in default. The parties to this appeal, being the same as those in that case, will hereinafter be referred to as they were there designated.

On the second day after said default judgment was entered, the defendant filed its motion in said case to set it aside on the ground, among others, that the recovery therein granted plaintiff was an award of damages, entered without any evidence introduced to support the amount thereof.

At the hearing held on said motion on January 7, 1966, despite the recital in the default judgment's journal entry that " * * * the court having heard all of the evidence, * * * ", the court orally admitted, from the bench, that no evidence was introduced in support of said judgment, but, nevertheless, overruled defendant's motion to vacate. Said defendant's subsequently attempted appeal from said lower court's refusal to vacate said default judgment, was dismissed by this Court in a Memorandum Decision By Order, promul-

gated in our Case No. 41,859 on July 7, 1966, and reported at 37 OBJ 1145.

Thereafter, on September 1, 1966, defendant filed its "PETITION TO VACATE JUDGMENT" in the lower court's Case No. 881, supra, attaching thereto, as "Exhibit A", a certified copy of the journal entry of the lower court's above mentioned default judgment of December 27, 1965, and, as "Exhibit C", a writing it referred to, in said petition to vacate, as a portion of the transcript of said court's proceedings at the above mentioned previous hearing of January 7, 1966, showing said court's admission that said previous default judgment was without evidence introduced to support it. In this petition to vacate, defendant alleged, in substance, among other things, that the default judgment sought to be vacated was obtained by fraud, and that, because of said lack of evidence, it is void and of no effect. It prayed said court to vacate said judgment, and permit it to defend the action and to file an answer to the plaintiff's petition. As "Exhibit B", defendant attached to its said petition the answer that it requested permission to file.

A week later, plaintiff filed a general demurrer to defendant's said petition to vacate, and, after the lower court had sustained said demurrer and overruled the motion for new trial it subsequently filed, defendant lodged the present appeal.

For reversal, defendant urges two propositions. One is: "In an action for an unliquidated claim the trial court is without authority or power to enter a judgment fixing the amount of recovery in the absence of the introduction of evidence." The basic authority, defendant cites in support of this proposition, is 12 O.S.1961, § 306, which, in part, reads as follows:

"  *   *   * Allegations of value, or of amount of damages, shall not be considered as true, by failure to controvert them; but this shall not apply to the amount claimed in action on contract, express or implied, for the recovery of money only."

Reference to the history of the above quoted statute and of 12 O.S.1961, § 1031, reveals that these statutes were adopted from Kansas. As then interpreted by the Supreme Court of that State, default judgments of district courts awarding unliquidated damages in actions (other than those upon express or implied contracts) entered without the introduction of any evidence to support such awards, are voidable, and may be vacated by said courts at, or after, the term during which entered, under the third subdivision of § 1031, supra, for "irregularity in obtaining  *  *  *" them. See Ames v. Brinsden, 25 Kan. 746 (25 Kan.2d Ed., Anno. 520), and other cases cited in Becker v. Roothe, 184 Kan. 830, 339 P.2d 292, 295.

There is no contention herein that county courts of this State, like the lower court in this case, are not governed by the above cited statutes in the same manner as are our district courts; nor is there any claim that Exhibit C, attached to defendant's petition to vacate, did not furnish admissible and sufficient proof that no evidence was introduced to support the challenged default judgment, or that the lower court's ruling on defendant's 1965 motion to vacate, having become final, is the "law of the case" and res adjudicata of the issues presented in this appeal. There is a dispute, however, as to the nature of the plaintiff's cause, or causes, of action, in Case No. 881, supra.

Defendant says that plaintiff brought this suit asking for damages for alleged non-delivery of, and damage to, goods transported by it, and that: "The damages sought were for the value of a TV set allegedly not delivered and for alleged injury to another TV set which was delivered." This representation is consistent with the above mentioned proposed answer which defendant attached to its petition to vacate, as "Exhibit B", whose allegations indicate that plaintiff's recovery in

the involved default judgment pertained to two TV sets. The two amounts of money mentioned in the journal entry of said judgment may, for all that the record shows, have been the contract purchase price, or bill of lading delivery price, of the two sets. If this be true, it must be concluded that the cause, or causes, of action upon which the judgment was based involved liquidated, rather than unliquidated, damages. At least, that is what we must presume, in the absence of the petition in Case No. 881, supra, which has not been incorporated in the record transmitted to us, and in the absence of any other record showing to the contrary. In this connection, see Jahn v. Jahn, Okl., 276 P. 2d 225. It is an established rule of appellate review in this jurisdiction that:

> "It is the duty of the plaintiff in error to cause to be prepared and filed, in his appeal to the Supreme Court, a sufficient record of the trial court's proceedings to show cause for reversing its judgment." Educators Automobile Insurance Co. v. Jones, Okl., 428 P.2d 277 (3rd syll.).

Therefore, since defendant (plaintiff in error here) has not caused to be prepared and filed herein a sufficient record to show that the default judgment involved was for unliquidated damages, we must, in accord with the presumption, on appeal, of the correctness of the trial court's order, conclude that said default judgment awarded plaintiff liquidated, rather than unliquidated, damages.

Defendant does not demonstrate that insofar as the default judgment's hereinbefore quoted recital infers that the court heard evidence before entering it, it worked a fraud under subdivision 4 of § 1031, supra, and we think, in view of Becker v. Roothe, supra, that defendant's ground, if any, for vacating said judgment came under the third subdivision of said section. It is therefore our opinion that defendant's argument, under its second proposition, is inapplicable.

In accord with the foregoing, the order and/or judgment herein appealed from is hereby affirmed.

DAVISON, WILLIAMS, JACKSON, HODGES and LAVENDER, JJ., concur.

IRWIN, C. J., and BERRY, V. C. J., concur in result.